DAKIN and another, Adm'rs, etc., *v.* UNION PAC. RY. CO. and others.

*(Circuit Court, S. D. New York.   December 28, 1880.)*

**1. EQUITABLE RELIEF—DAMAGES.**
    Where the entire ground for equitable relief fails, a bill cannot be retained in equity for the recovery of damages.

**2. DEMURRER—PLEA OF CO-DEFENDANT.**
    The demurrer of one defendant cannot be held to be overruled by the plea of a co-defendant.—[ED.

In Equity.   Demurrer.
*E. L. Andrews* and *J. K. Porter,* for plaintiffs.
*A. H. Holmes* and *J. F. Dillon,* for defendants.

BLATCHFORD, C. J.   A general demurrer to the amended bill in this case is put in by the Union Pacific Railway Company, the Union Pacific Railroad Company, and the Denver Pacific Railway & Telegraph Company, for want of equity. A general demurrer to said bill is also put in by Jay Gould for want of equity.   These demurrers must be allowed.   It appears, by the face of the certificate on which the plaintiffs' claim is based, that the shares of stock named in it are subject to assessment.   It is not alleged that anything has ever

been paid by any one on J. C. Stone's subscription, which is represented by said certificate, much less that the subscription has been paid in full. The plaintiffs ask to have full-paid stock in place of this mere subscription to stock, without showing the payment of anything for the subscription, or offering now to pay anything. This defect strikes at the root of the equitable relief asked for. Moreover, the bill shows that one Hallett claimed an interest in the shares named in said certificate, and that stock was issued to him to the amount of the shares named in said certificate, which stock so issued is recognized as valid by the corporations sued herein. Yet the persons now holding said stock are not made defendants. The bill makes such a case that the plaintiffs can have no place as holders of stock without displacing those who represent the stock so issued to Hallett. As the entire ground for equitable relief fails, the bill cannot be retained to recover damages. If the plaintiffs have a claim for any damages they must sue at law.

Jay Gould has been made a defendant since the suit came into this court. Specific relief is asked against him by the amended bill, which was not asked in the complaint in the state court. He demurs for want of jurisdiction, because he is a citizen of the same state with the plaintiffs. This demurrer is allowed. The Kansas Pacific Railway Company has filed a paper which calls itself "the plea and answer in support thereof." Then follows what is announced as a plea, but is really an answer, which admits certain allegations of the bill, and makes certain averments, and then "denies each and every other allegation or averment in the amended bill of complaint herein contained, not hereinbefore specifically admitted or denied." The answer thus covers the whole bill. Then follow several pleas, which are pleaded in bar to the whole bill. The plaintiffs move for an order that the demurrer of the Union Pacific Railway Company (by which is meant the demurrer of that company and the other two companies who join in the same demurrer) be declared to be overruled by the pleas of the Kansas Pacific Railway Com-

pany. No authority is cited for the proposition that the demurrer of one defendant can be held to be overruled by the plea of another defendant, and no argument is offered in support of the motion. It is denied.

The plaintiffs also move for an order that the plea of the Kansas Pacific Railway Company be overruled on the ground that the answer covers the whole bill, and that the pleas in bar pray judgment whether the said defendant shall be compelled to make any further answer to the amended bill. On the authority of the cases of *Ferguson* v. *O'Harra*, Pet. C. C. R. 493; *Stearns* v. *Page*, 1 Story, 204; and *Hages* v. *Dayton*, 18 O. G. 1406, the motion must be granted, and the plea must be stricken out.

The demurrers allowed are allowed with costs, but the plaintiffs may, under rule 55 in equity, move for leave to amend their bill.