CECELIA TOPLITZ and SELINA LISNER, Respondents, *v.* LOUIS BAUER and Others, as Executors, etc., of CHARLES BAUER, Deceased, Appellants, Impleaded with THE MUTUAL LIFE INSURANCE COMPANY of New York and ROSA LISNER.

*Action in equity to set aside transfers of a life insurance policy — on a failure to establish an equitable cause of action, a money judgment at law is improper — a defendant cannot by answer interject into the equitable action a new legal cause of action for conversion available only against co-defendants and enable the plaintiffs to recover judgment thereon — consideration of an agreement to postpone payment.*

Where the complaint in an action alleges simply a single equitable cause of action to set aside transfers, alleged to have been obtained by fraud and duress, of a policy of life insurance, made by the plaintiffs, the beneficiaries thereunder, to one of the defendants, and subsequent transfers made by such defendant and

by others, resulting in its final transfer by the last assignee (since deceased) to the insurer and a subsequent cancellation of the policy by such insurer, the court must, upon the failure of the plaintiffs to prove their cause of action and to show that the transfers in question were void, dismiss the complaint.

In such a case, in the absence of suitable allegations, the court has no authority to grant, against the executors of the deceased assignee, a money judgment based upon the theory that he, by his acts, converted the policy.

A defendant cannot in such a case, by her answer, set up and interject into the equitable action a purely legal cause of action for a conversion of the policy of insurance, which, if it existed at all, was vested in the defendant at the time the action was brought, such cause of action being alleged to have arisen in her favor out of her dealings with the assignee, since deceased, who transferred the policy to the insurance company, and whose executors are made parties defendant to the action, and which is available only against them; and by such allegations create a transfer of such cause of action to the plaintiffs, thus entitling them to recover upon an entirely different cause of action from that alleged in the complaint.

*Semble*, that where a complaint alleges facts which would constitute a cause of action, either at law or in equity, and it appears upon a trial, before a court of equity, that the plaintiff is not entitled to equitable relief, the court may in certain cases retain the action and order it to be tried as an action at law.

The consideration necessary to sustain an agreement to extend the time of payment of an obligation, considered.

APPEAL by the defendants, Louis Bauer and others, as executors, etc., of Charles Bauer, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of January, 1897, upon the decision of the court rendered after a trial at the New York Special Term.

*Wm. B. Hornblower*, for the appellants.

*Alexander Blumenstiel*, for the respondents.

*Louis Marshall*, for the respondent Rosa Lisner.

INGRAHAM, J.:

The action was commenced on the 13th of December, 1893, against the defendants the Mutual Life Insurance Company, Charles Bauer and Rosa Lisner. Subsequently, and on the 24th of December, 1894, Charles Bauer died, when the action was continued against the appellants as his executors, and the supplemental complaint was served on the 25th of March, 1895. The complaint alleged the issuance by the Mutual Life Insurance Company of a policy of insurance upon the life of one Charles Lisner, the father of

the plaintiffs. This was an ordinary life policy, insuring the life of George Lisner in the sum of $8,000, the amount thereof payable to the plaintiffs in this action, the daughters of the said George Lisner; that, on the 22d day of July, 1888, the plaintiff Cecilia Toplitz, then twenty-two years of age, executed and delivered an assignment of her interest in this policy to the defendant Rosa Lisner, and that said assignment was procured by the said George Lisner, the insured, by undue influence, coercion and compulsion, and without paying to her any consideration therefor; that on or about the 27th day of July, 1888, the plaintiff Selina Lisner, then an infant over the age of fourteen years, petitioned for the appointment of a general guardian, which petition was procured from her by her father by duress and fraud, and that thereafter the surrogate of the county of New York appointed the said George Lisner, her father, as her guardian, and that on the next day, the 28th of July, 1888, the said George Lisner, purporting to act as her guardian, did assign and transfer the said infant's interest in this policy to the defendant Rosa Lisner, and that the said assignment was void as to this plaintiff. The complaint further alleges that the policy was subsequently assigned by said Rosa Lisner to one Gillis, as security for a loan of money; that subsequently the said Gillis retransferred the said policy to the defendant Rosa Lisner; that subsequently the said Rosa Lisner assigned the said policy to the defendant Charles Bauer, as collateral security for a loan of $1,100 to the said Rosa Lisner; that that loan not being paid on the 13th of October, 1893, the said Charles Bauer, without any authority whatever from the plaintiffs, or any one in their behalf, unlawfully and wrongfully surrendered to the defendant the Mutual Life Insurance Company of New York the said policy for cancellation, receiving from said company as a consideration the sum of $1,494; that, upon the plaintiffs discovering the foregoing facts with reference to the surrender and cancellation of said policy, these plaintiffs, as well as the defendants Rosa Lisner and George Lisner, repudiated the action of the said Bauer, notified the said insurance company of such repudiation and tendered to the said defendant the Mutual Life Insurance Company the amount of money which it is alleged to have paid to the said Charles Bauer in consideration of the said surrender and cancellation, and demanded that the said defendant corporation should reinstate said policy; and

that they also tendered on behalf of the plaintiffs, as well as on behalf of the said Rosa Lisner and George Lisner, to the said Charles Bauer the sum claimed by him to be owing on account of the loan alleged to have been made by him, with interest thereon to the date of such tender, and demanded that he should restore and deliver up the said policy to these plaintiffs upon payment to him of the amount claimed to be due and owing to him, but that the said Bauer refused to accept the same, and declined to deliver up said policy, claiming that the same had been surrendered to and canceled by the said defendant corporation; that the said assignment of the policy of insurance, as well as the surrender to and cancellation thereof by the said insurance company, was unlawful and void as against these plaintiffs, as well as against the defendant Rosa Lisner; that the delivery up of the said policy by the said Charles Bauer was a fraud upon these plaintiffs and the defendant Rosa Lisner, practiced by the said Charles Bauer, and a wrongful conversion of said policy, to the knowledge, as these plaintiffs are informed and believe, of the said insurance company; that after the commencement of this action, in December, 1894, the said Charles Bauer died leaving a last will and testament, and that on or about January 17, 1895, the said will was duly admitted to probate by the surrogate of New York county; that the said defendants were duly appointed executors under said will, and letters testamentary were duly issued to them, and that the action was duly continued against the said executors in the place and stead of the said Charles Bauer. The complaint demanded judgment that the surrender and cancellation of said policy be set aside and adjudged null and void and of no effect as against these plaintiffs or as against the defendant Rosa Lisner; that the said policy be adjudged to be in full force and effect, the same as though the said attempted assignment and the alleged surrender and cancellation had not been made; that the plaintiffs be adjudged not to have parted with or to have been divested of their rights and interests under the said policy; and that the plaintiffs have such other and further relief in the premises as may be just and proper, together with costs of this action.

It will be seen that the cause of action thus alleged was purely of an equitable character. The complaint alleges the execution of the transfers, but alleges that the same were voidable at the election of

the person or persons on whose behalf the transfers had been made, and it is sought to have such transfers adjudged void and the said policy retransferred to the plaintiffs, or the plaintiffs vested with the title to it which had become divested by virtue of these transfers; and the aid of a court of equity is asked to accomplish that result.

Upon this complaint, and the answers interposed by the defendants, the action was brought on for trial at a Special Term of the court, and has resulted in a judgment in favor of the plaintiffs against the executors of Charles Bauer for a sum of money, the value of the policy, upon the ground that the said Bauer converted the policy to his own use, the decision expressly holding that the transfers were not fraudulent and void and that the plaintiffs were not entitled to have them so declared. Thus, the court, having adjudged that the plaintiffs had no right to the interposition of a court of equity to set aside these transfers, and that the transfers could not be set aside, adjudged that the plaintiffs were entitled to recover for the value of the policy, upon a conversion of it by the appellants' testator, thus granting to the plaintiffs a judgment against the defendants for the conversion of property which the court held had been transferred by or on behalf of the plaintiffs, and that the transfers were not invalid or voidable. This somewhat peculiar result has been arrived at in face of the fact that, if such transfers were not set aside, the plaintiffs had no possible interest in the policy in question, and had no possible right to recover a judgment for its conversion. These appellants had the right to a trial by jury for this demand against them for a conversion of the property, and it would seem to be perfectly clear that if the equitable cause of action alleged in the complaint failed, a court of equity had no right to grant a judgment against the defendants in favor of the plaintiffs upon a purely legal cause of action for a conversion of the property. The cause of action being purely of an equitable nature, the plaintiffs were entitled to have this action tried by a court of equity, and no objection to such a method of trial, and no demand for a trial by jury, could have been available to the defendants, as the cause of action stated in the complaint, being equitable in its character, was necessarily triable before the court without a jury.

Since the consolidation of the courts of equity and law in one

court, the distinction between actions in equity and actions at law has been uniformly maintained, and although both actions are tried in the same court, the methods of trial are as distinct as before the consolidation. The Constitutions of the State since 1777 have expressly provided that the right of a trial by jury, as it existed at that time, should remain inviolate forever; and that right to trial by jury has been enforced by the courts of this State in all cases in which it existed at the time of the adoption of the Constitution in 1777. A class of cases exists in which the same facts would give rise both to a cause of action at law and in equity; and where such facts are alleged as constituting a cause of action, there has been a certain amount of confusion as to the method of trial and the judgment which a court after such a trial could render. Under our system of pleading, where it is required that the complaint shall allege the facts relied upon to sustain the cause of action sought to be enforced, with a demand for the judgment to which the plaintiff is entitled, it is often difficult to determine whether or not the cause of action alleged is one purely equitable or purely of a legal character. These cases, however, must be distinguished from a class of cases where the action itself is purely equitable; but facts are alleged that show that, in consequence of some act of the defendant, the only judgment that can be effectual will be in an action for a recovery of a sum of money. Such cause of action is illustrated by that for a specific performance of a contract to convey real property where the defendant, since the beginning of the suit has, by a conveyance of the property contracted to be conveyed to others, placed it out of his power specifically to perform the contract. In such a case it has been held that the action does not lose its equitable character because of this act of the defendant, and that a court of equity has power, upon ascertaining that the equitable cause of action existed, to enforce that equitable cause of action by giving to the plaintiff a judgment for a sum of money. Cases enforcing this principle are numerous. One of the principal ones in this State in which that question is discussed, is *Sternberger* v. *McGovern* (56 N. Y. 12). That action was brought to enforce a contract by which, in substance, the plaintiffs agreed to sell to the defendant certain premises in the city of New York for the price of $125,000, and the defendant agreed to sell and convey to the

plaintiffs certain premises in Mott Haven for $82,500. The plaintiffs asked for the appointment of a receiver, that the property in the city of New York be sold and the net proceeds paid to plaintiffs upon the amount due for purchase money, and for a judgment against the defendant for $105,000, with interest, or for such other relief. Upon the trial it appeared that the plaintiffs attended at the time and place specified with the deed of the New York city property, executed in accordance with their contract; that the defendant did not appear for the reason that his wife refused to join with him in a deed of the Mott Haven property. The Special Term found that as to the property in New York, which the plaintiffs agreed to convey to the defendant, they were entitled to a specific performance of said agreement; that the defendant should accept the conveyance so tendered, and pay the consideration money of $125,000, in the manner specified in the agreement, and that the plaintiffs should have a lien on said premises for the payment of the amount of such balance, and that such premises should be decreed to be sold to pay the same. The General Term reversed this judgment and dismissed the complaint, without prejudice to any other action which the plaintiffs might be advised to commence. A majority of the Court of Appeals reversed both the decision of the Special and General Terms and ordered a new trial. GROVER, J., in delivering the opinion of the court, said : "The Special Term held that the contract of the plaintiffs to sell and convey to the defendant the Thompson street property for $125,000 was an independent contract, not affected by that part relating to the Mott Haven property, otherwise than by giving the defendant the right of paying a part of the $125,000 by conveying the same to the two plaintiffs at the price specified ; " that " the General Term construed the contract as entire ; in substance one for the exchange of the one property for the other, and the giving the bond and mortgage by the defendant to the plaintiffs upon the Thompson street property as the mode by which the estimated excess of the value of that over that of the Mott Haven property was to be adjusted." It was held that if this was a true construction, it was obvious that a specific performance of the contract as to the Thompson street property could not be enforced against the defendant while he was unable to perform as to the Mott Haven property. The construction of the

contract by the General Term was adopted, and for that reason the judgment of the Special Term was erroneous; that upon the facts found by the Special Term the plaintiffs were not entitled to the specific performance of the contract or any part of it; and that the plaintiffs must resort to their legal remedy for the damages, if any, that they sustained from the defendant's breach of the contract. Upon the discussion, however, as to whether the General Term was right in dismissing the complaint, or should have ordered a new trial instead, it was held that when a complaint states facts giving an equitable cause of action and also a legal cause of action, arising out of the same transaction, the party is entitled to have both tried, if necessary to obtain his rights; that that was that case; and where the facts giving both legal and equitable relief were alleged in the complaint and the action was tried as an action in equity, and where the plaintiff failed to show that he was entitled to equitable relief, he then had the right to a trial of his claim for damages sustained for a breach of his contract; and, although it was true that a different mode of trial was necessary, the equitable cause of action being tried by a court without a jury, and the legal cause of action being necessarily tried by a jury, the equitable cause of action could be tried by the court or referee, but the action for damages must be tried by a jury. In this opinion three judges concurred. Judge ALLEN concurred in the result upon the peculiar circumstances of the case, the three other judges not voting. It will be seen that a case was presented where the complaint itself alleged facts sufficient to sustain a cause of action in equity, and also sufficient to sustain a cause of action at law. The equitable cause of action was tried, and in that the plaintiff failed as upon the facts proved the plaintiff was not entitled to the interposition of equity. The decision of the three judges seems to hold that in such a case, where facts sufficient to sustain both causes of action were alleged, when the equitable cause of action was disposed of the parties could then try the legal cause of action as though that were the only cause of action alleged and the judgment thereupon obtained the only judgment demanded.

A somewhat different question was presented to the Court of Appeals in *Wheelock* v. *Lee* (74 N. Y. 495). There the complaint alleged five causes of action. Four were common-law causes of

action, upon which either party was entitled to a trial by jury. The fifth cause of action was purely equitable. It was held that this joinder of legal and equitable causes of action by the plaintiff did not deprive the defendant of the right of trial by jury. The court say: "Where the complaint is framed solely for equitable relief, and the action is tried as an action in equity, the court, on finding that the plaintiff is not entitled to any equitable relief, but that the facts would warrant an action for damages which he has not alleged or claimed, cannot order judgment for such damages. An opportunity must have been afforded to the defendant to claim a jury trial on that ground of action." And, speaking of a claim that the respondent waived the right to trial by a jury by proceeding with the trial at Special Term without objection, the court say: "The case in one of its aspects was triable at Special Term, and had the plaintiff elected to rely solely on his equitable cause of action he could have proceeded with the trial there;" and it was held that the defendant, by proceeding with the trial in such an action at Special Term, does not waive his right to a trial by jury for a cause of action which is different from that to enforce which the action is brought, although upon the facts adduced at the Special Term it would appear that the plaintiff would be entitled to some such relief.

The question was also before this court in the case of *Green* v. *Stewart* (19 App. Div. 201). That case was in its general character much like the action now under review. That suit was brought on the equity side of the court upon an agreement that a certain conveyance from the defendant to one Weiss was fraudulent; and the relief demanded was that such conveyance be set aside as fraudulent and void as against the plaintiff, and that the defendant Stewart be compelled specifically to perform his agreement to convey the premises to the plaintiff. Upon the trial the plaintiff failed to establish a right to have the conveyance from Stewart to Weiss set aside as fraudulent. The court dismissed the complaint as to Weiss, but retained the case as against Stewart for the purpose of enabling the plaintiff to prove his damages after it had been established that he was not entitled to relief on the equitable side of the court. Upon appeal this was held to be error; that when the plaintiff had rested without establishing any right to relief on the equity side of the

court, and it became apparent that the only remedy he ever had was at law, it became the duty of the court, in view of the answer of the defendants, to have dismissed the complaint as to the defendant Stewart as well as to the defendant Weiss.

These three cases, I think, establish the principle which should be applied by a trial court, that where a complaint alleges facts sufficient to sustain a cause of action in equity only, and such an action is brought on for trial at Special Term as an equitable action, if the plaintiff fails to prove the facts entitling him to relief in equity, it is the duty of the court to dismiss the complaint, leaving the plaintiff to commence an action at law to recover for a legal cause of action, if any exists in his favor against the defendant. Where a complaint alleges facts which would constitute a cause of action either at law or in equity, and where upon the trial before a court of equity it appears that the plaintiff is not entitled to equitable relief, the court may then, in certain cases, retain the action and order it to be tried as an action at law to enforce the legal cause of action which the facts alleged in the complaint would show existed in favor of the plaintiff.

In this action it is apparent that the complaint alleges a single cause of action, which is equitable in its character — an action to set aside the transfers of this policy of insurance by the plaintiffs to the defendant Rosa Lisner, and the subsequent transfer by Rosa Lisner to Charles Bauer, and the cancellation of the policy by the insurance company. The allegations of the complaint would not justify a cause of action for a conversion of the policy. There is no allegation as to the value of the policy; there is no allegation of damage sustained by the defendant by reason of the conversion. There is no allegation that the legal title to this policy was vested in the plaintiffs, or that the plaintiffs were entitled at law to enforce the policy, the only allegation being that a transfer valid upon its face was void for fraud or duress, and that the plaintiffs were entitled to a judgment setting aside such transfers and the cancellation based thereon. The trial court decided that the plaintiffs' equitable cause of action was not proved, and from that decision the plaintiffs have not appealed. We must assume that the court properly decided that question. It was then the duty of the court to have dismissed the plaintiffs' cause of action. The only cause of action alleged in

the complaint, equitable in its nature, failed. The court, however, not only decided that the plaintiffs were not entitled to judgment for the cause of action alleged in the complaint, but held that the plaintiffs were entitled to a money judgment for a conversion of the property, although holding that the plaintiffs were not the owners of the property and proceeded to award a money judgment for the damage sustained by such conversion. It seems to us entirely clear that such a judgment is absolutely unauthorized and cannot be sustained.

In this discussion of the case I have not considered the allegations in the answer of the defendant Rosa Lisner, as it seems that these allegations are entirely ineffectual as conferring any right upon the plaintiffs which they did not have at the commencement of the action and had not alleged in the complaint. The answer of the defendant Rosa Lisner has attempted to introduce quite a novel practice which, if successful, would create a revolution in judicial procedure. She substantially admits the allegations of the complaint as to the fraud practiced upon the plaintiffs, and alleges the transfer of this policy of insurance to Bauer as collateral security for the payment of a loan, and that when that loan became due the said Bauer extended the time of payment thereof from time to time until the 10th day of June, 1893; that on or about that date he again extended the time of payment until a time subsequent to October 13, 1893; that before such extended time for the payment of principal or interest had expired, and on or about the 13th day of October, 1893, and without giving notice to this defendant or to said George Lisner of his intention so to do, and without making a demand upon them, or either of them, for the repayment of said loan or the accrued interest thereon, the said Charles Bauer wrongfully and unlawfully surrendered the aforesaid policy to the defendant insurance company, accepting therefor, as this defendant was imformed by the said Bauer and the insurance company, the sum of $1,494. Her answer further alleges that she repudiated this surrender; that such surrender was a fraud upon her practiced by the said Charles Bauer and a wrongful conversion of the policy; that subsequently, and in April, 1894, the insured, George Lisner, died; that the plaintiffs gave notice of such death to the company, furnished to it due proof thereof, and demanded the payment of the amount provided to be paid upon the policy upon the death of said George Lisner,

which the company refused to pay, and the answering defendant offers to subrogate the plaintiffs to all her rights in and to such policy and in and to all moneys due thereon, so that the wrong heretofore committed against them may be righted, and offers to pay the amount paid by the insurance company and also whatever sum of money may be due and owing to Charles Bauer on account of the loan. Then this defendant demands judgment against her co-defendants; that the surrender of the policy and the cancellation thereof be set aside and declared null and void; that the said policy be adjudged to be in full force and effect as though such surrender and cancellation had not been made; that the defendant may be adjudged not to have parted with or been divested of her rights and interest under said policy, except as collateral security for the loan aforesaid, and that, in case the plaintiffs shall fail to establish their title to said policy, they be subrogated to this defendant's rights, and that the co-defendants may be adjudged to pay them the amount which under said policy may be due to this defendant, with costs, and that she have other and further relief. That answer appears to have been served upon the other defendants, who answered it.

The judgment does not proceed to enforce any claim that Rosa Lisner had against these other defendants; but awards judgment to the plaintiffs against the defendant executors for the amount of the policy. It seems to us that the idea of the pleader who prepared this answer of Rosa Lisner, that by such allegations a cause of action could be transferred to the plaintiffs or that they could be subrogated to such a cause of action which, if it existed, was vested in a defendant at the time the action was brought, and which would entitle the plaintiffs to recover upon an entirely different cause of action from that alleged in the complaint, is fundamentally unsound and violates the settled rules governing judicial procedure. It has been universally held that for a plaintiff to maintain a cause of action, that cause of action must have existed at the time of the commencement of the action and must have vested in the plaintiff before the action was brought. In many cases supplemental complaints have been allowed to be filed alleging facts which have happened since the service of the original complaint and which would tend to increase the damages or to extend the relief to which the plaintiff was entitled. The allowance, however, of a supplemental pleading

is in all cases based upon the existence of a cause of action at the time the original pleading was served, and upon the necessity of such a supplemental pleading to enable the court to dispose at one time of all the questions arising as to the nature of the relief to be given upon the cause of action alleged in the original pleading. In no case that I know of has it been held that a plaintiff could maintain an action to enforce a cause of action which did not accrue to him until after his action was commenced.

The cause of action for which this judgment is given, if it existed at all when this action was commenced, was one in favor of the defendant Rosa Lisner against her co-defendants, the executors of the estate of Charles Bauer. It was an action of a purely legal character for a conversion of securities held by the said Bauer as collateral, he having disposed of them when, under his contract between himself and the defendant Rosa Lisner, he was not entitled to. For such a cause of action these defendants appellants would be entitled to a trial by jury. The bringing on for trial of the cause of action alleged in the complaint of the plaintiffs, which was entirely different from that alleged in the answer of Rosa Lisner, at a Special Term, or the failure to demand a jury trial, could not be held as a waiver of this right of the defendants to have that cause of action as between themselves and Rosa Lisner tried by a jury. The issue between the executors and the plaintiffs was one which had to be tried by a court of equity. No protest or objection to such a trial could have availed the executors, and no express consent to subrogate the plaintiffs to any cause of action which the defendant Rosa Lisner had against the executors, which was alleged in an answer interposed to a supplemental and amended complaint, could have the effect of vesting the plaintiffs with a cause of action which, when the action was brought, was not vested in them. This is especially so where such a cause of action is not alleged in the complaint and is not the basis for the application to the court for relief.

Under the view which we have taken on this subject, it is not necessary for us to determine whether Rosa Lisner either alleged in her answer or proved upon the trial any cause of action against these executors. Her right to recover is based upon a contract

which she testified was made between herself and Charles Bauer, or Louis Bauer acting as his agent, a few days before the 13th day of October, 1893, and by which it is alleged that Charles Bauer, or Louis Bauer as his agent, stated to her that Charles Bauer would wait before sacrificing her securities until she procured money to pay off the loan from her brother in Washington, and that she need not be anxious or worry as he would do nothing. It will be noticed that this contract testified to is not the contract alleged in the answer of Rosa Lisner. She there alleges an agreement made on the 10th of June, 1893, to extend the time of the payment of this note to a period beyond the thirteenth day of October, when the alleged conversion took place. If this agreement is to be treated simply as a contract extending the time of payment, it is quite clear that it is not enforcible on the ground that it was without consideration. Bauer had extended the time of the payment of this note for years, and it is not denied that in March, 1893, at the time the extension expired, Bauer demanded payment of the indebtedness and refused further extension. The Lisners, however, succeeded in inducing him to delay taking proceedings to enforce such payment until after Charles Bauer sailed for Europe in June, and then succeeded in inducing his agent to postpone such proceeding from time to time until Charles Bauer returned from Europe in October. It is not disputed that all this time Charles Bauer or his agent, Louis Bauer, were insisting upon the payment of the note and postponing the proceedings from day to day upon the promises of the defendants Lisner to pay; but, according to the testimony of the Lisners, in October they suddenly assumed an entirely different attitude, exhibiting then, for the first time, a great desire to prevent Rosa Lisner from becoming anxious, and giving her to understand that the payment of this note would be indefinitely extended until she was able to procure money with which to meet it from some other source. It appeared from the evidence that during the summer and fall of 1893 there was a severe financial disturbance, and that money was almost impossible to procure; but under the circumstances it seems quite clear that such an expression of intention as was testified to on the part of Charles Bauer and Louis Bauer is not sufficient to establish a binding contract which would extend the time of the payment of the note indefinitely, or prevent the Bauers

from enforcing it. If Charles Bauer had commenced an action upon the note on the thirteenth day of October, it would seem quite clear that this alleged agreement would not have been a valid defense to that action. Any right which Rosa Lisner could possibly have as against Charles Bauer would be upon the ground that what he said prior to the thirteenth of October was a waiver of his right to enforce his contract with the Lisners, and sell the property held by him as collateral security, without a demand for the payment of the money, or notice that he intended to enforce the terms of his contract; or that what he had said estopped him from enforcing this contract without notice to the Lisners. But no such cause of action was alleged in the answer of the defendant Rosa Lisner. No mention of such agreement is made in the complaint, and the allegation in the answer of Rosa Lisner is, that the contract was made in June, extending the time beyond the thirteenth of October, when the alleged conversion took place; and what she appears to seek in this manner as against the executors of Charles Bauer is to enforce this contract made in June. Whether or not such a contract can be enforced if made, or whether this appropriation by the Bauers of this policy of insurance was a conversion thereof, or gave to Rosa Lisner any right of recovery against Bauer or his estate, must be determined in an action brought for that purpose; and such a question, we think, cannot be injected into this equitable cause of action, which is to enforce a claim by these plaintiffs to this policy of insurance, in which the court below has decided they had no interest.

We think, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.