[No. 3823.  Decided February 26, 1902.]

MARY ANN MacKAY, *Appellant,* v. WILLIAM B. SMITH
*et al., Respondents.*

EQUITY — RELIEF AGAINST MISTAKE OF LAW.

Equity will relieve against a mistake of law, where the legal
principle is confessedly doubtful and one about which ignor-
ance may well be supposed to exist, or where the adverse party
seeks to gain, without consideration, an unconscionable advan-
tage through the opportunities afforded him by the mistake, and
the other party is innocent of blame.

SAME — EQUITABLE RELIEF UNDER GENERAL PRAYER.

Where a complaint states the facts in a case and prays for
general as well as particular relief, relief may be granted under
the general prayer consistent with the equities of the case, al-
though the prayer for special relief may be defective.

Appeal from Superior Court, Clallam County.—Hon.
JAMES G. McCLINTON, Judge.  Reversed.

*Trumbull & Trumbull,* for appellant.

*Preston & Embree,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—On July 27, 1894, the appellant en-
tered into a contract with the state of Washington for the
purchase of certain tide lands for the consideration of
$255, of which $25.50 was to be paid in cash, and the
balance in nine annual installments of a like amount, with
interest; the state agreeing to execute a deed to her for the
property when the final payment should be made.  The
appellant paid the several installments as they fell due,
pursuant to the terms of the contract, up to the time of
the commencement of this action, namely, May 16, 1900.
On March 26, 1898, the respondent Embree obtained a
judgment against the appellant for the sum of $61.70;

being for costs awarded against the appellant on an appeal
to this court from a judgment entered in an action tried
in Clallam county, wherein the respondent was plaintiff,
and the appellant was one of the defendants.   On March
3, 1899, the respondent Embree caused an execution to
issue out of the superior court of Clallam county upon
this judgment, and caused the same to be levied upon the
tide lands above mentioned, as the real property of the
appellant.   The levy under the writ was made on the
14th day of March, 1899, pursuant to the statute which
went into effect on March 8th of that year.   Thereafter,
on April 15, 1899, a sale of the lands was had by the re-
spondent sheriff, at which sale the respondent Embree be-
came the purchaser; bidding therefor the full amount of
his judgment, with the accrued costs.   Return of the pro-
ceedings under the writ was made by the sheriff, and, no
objections being filed thereto, the sale was confirmed by
the superior court of Clallam county on the 13th day of
January, 1900.   The appellant thereafter, but prior to the
statutory period for redeeming the property from the sale
had expired, consulted an attorney at law concerning her
rights in the premises, and as to the best means of protect-
ing her interests.   The attorney examined the records and
files in the cause, and advised the appellant that while, in
his opinion, the attempted sale was void, as she was legally
obligated to pay the judgment, and as the accrued costs
were inconsiderable, the better remedy was probably to re-
deem the land from the execution sale.   The appellant
thereupon decided to redeem, and sought the advice of
her attorney as to the procedure.   The attorney, finding
that the judgment had been entered, and the execution is-
sued and placed in the hands of the sheriff, while the stat-
ute of 1897, relating to sales of property under execution

was in force, advised the appellant that the proper mode
of redemption was to follow the procedure prescribed by
that statute, which provided that a judgment debtor might
redeem any real estate sold by virtue of law at any time
before the execution of a deed, at the price for which the
same was sold, by paying to the clerk of the court issu-
ing the execution the amount for which the same
was sold, with interest at the rate of ten per centum
per annum from the time of sale to the time of such re-
demption. The appellant, acting under this advice, caused
to be paid to the clerk of the court of Clallam county the
amount bid at the sale, with the interest accumulated
thereon at the rate prescribed by the statute. Notice
thereof was immediately given the sheriff and to the re-
spondent Embree. Mr. Embree refused to accept the
money, contending that the payment did not effect a re-
demption; that the only way the appellant could redeem
was under the procedure prescribed by the statute of 1899,
which provided for a redemption through the sheriff mak-
ing the sale. A controversy arose between the parties, in
which the sheriff participated, as to the sufficiency of the
attempted redemption, which the sheriff seems to have
finally determined in the respondents' favor, and was
about to execute a deed to him for the lands, when this
action was brought to restrain him from so doing. The
complaint recites the transaction substantially as above
outlined, and prays that the sheriff be enjoined from exe-
cuting a deed of the lands to the respondent, and for gen-
eral relief. Issues were framed, and a trial had, resulting
in the refusal on the part of the trial court to grant relief
in any form to the appellant, and in a judgment dismissing
the action. This appeal is from that judgment.

Much space is given in the briefs of counsel to a discussion of the questions whether the appellant had such an interest in the tide lands as could be sold under a writ of execution executed as if against a fee simple title, and whether, conceding the property to be so subject to sale, it could be sold on a writ of execution, issued while the statute of 1897 was in force, under the procedure prescribed by the statute of 1899. But the view we have taken of the case renders it unnecessary to determine these questions. Conceding that the interests of the appellant in the land were subject to sale on execution, and that the sheriff's procedure was valid under the statutes, still we think the mistake made by the appellant, under all the circumstances of the case, was such a mistake as equity will relieve against. The good faith of the appellant cannot be questioned. Notwithstanding she had been advised that the sale was illegal, she elected to treat it as legal, and sought by legal means to effect a redemption from the sale. She acted throughout under the advice of counsel. She pursued the statute he determined, after an examination of the facts of her case, afforded her the remedy she desired. And had his advice been correct as a matter of law, her acts would have effected a complete redemption. Nor was the respondent injured in any way by the procedure followed. There was paid into court for his use the amount of his judgment and costs, with interest,—in fact, interest at a higher rate than he would have been justly entitled to had the statute of 1899 been pursued. Manifestly, therefore, if the equities of the case are allowed to prevail, the appellant is entitled to relief.

But it is said the mistake made was a mistake of law, and that equity will not relieve against a mistake of law. This is undoubtedly the general rule; but this rule, like

many other general rules, has its exceptions, as well de-
fined as the rule itself. It is held that equity will relieve
against a mistake of law where the adverse party is seeking
to gain, without consideration, an unconscionable ad-
vantage through the opportunities afforded him by the
mistake, and the other party is innocent of blame. *Lane
v. Holmes,* 55 Minn. 379 (57 N. W. 132, 43 Am. St. Rep.
508); *Benson v. Markoe,* 37 Minn. 30 (33 N. W. 38, 5
Am. St. Rep. 816). So it is said:

"Where the legal principle is confessedly doubtful and
one about which ignorance may well be supposed to exist,
a person, acting under a misapprehension of the law, will
not forfeit any of his legal rights by reason of such mis-
take." Kerr, Fraud & Mistake, p. 399, note.

It would seem that the appellant can avail herself, under
the facts of this case, of either of these exceptions. But be
this as it may, certain it is that the legal principle involved,
upon, which the advice of the attorney was sought, was
doubtful and one upon which men learned in the law might
have reasonably differed. In such a case equity will not permit
a penalty to be inflicted upon one making a mistake therein,
where the mistake has not operated to the injury of the
adverse party, and when to allow the adverse party to take
advantage of it would result in an unconscionable gain. It
is true, as the respondent points out, there is no direct evi-
dence as to the value of this property. It does appear,
however, that the appellant contracted to purchase the
naked lot at a price more than four times as large as re-
spondents' judgment, and that it has a two-story building
upon it, the upper floor of which is occupied by the appel-
lant as a residence, and the lower room rented for and used
as a store. This is indirect evidence, at least, that the
property has a considerable value, and, when taken in con-

nection with the fact that the parties themselves thought the surplus over the amount of the respondents' judgment was worthy of being contested for, justifies the conclusion that the contest is not an idle one.

Another question remains to be noticed: The respondent contends that this is not a suit to redeem, and that relief in that form cannot be had herein. As we have said, the appellant in her complaint stated the facts of her case, and prayed for general as well as particular relief. The rule in such case is that, although the prayer for special relief may be defective, relief will be granted under the general prayer, consistent with the equities of the case. *Dormitzer v. German Savings & Loan Society,* 23 Wash. 132 (62 Pac. 862). See pages 190, 191, where the cases are collected.

The judgment appealed from is reversed, and the cause remanded, with instructions to enter a judgment permitting the appellant to redeem the property from the execution sale.

REAVIS, C. J., and WHITE, ANDERS and DUNBAR, JJ., concur.