[Nos. 15161, 15162. Department Two. May 15, 1919.]

ANNA SALT, *Respondent*, v. AXEL ANDERSON, *Appellant.*
EMMA WOMACH, *Respondent*, v. AXEL ANDERSON, *Appellant.*[1]

CANCELLATION OF INSTRUMENTS (26)—RELIEF—RECOVERY OF DAMAGES. In an action for the cancellation of a deed upon the ground of failure of consideration, in which the prayer was for general relief, a court of equity may substitute a money judgment.

SAME (23½)—EVIDENCE—WEIGHT AND SUFFICIENCY. In an action for the cancellation of a deed, given in consideration of an agreement to convey other land of the same value, findings for the plaintiff are sustained, where the evidence of the parties as to the agreement was flatly contradictory, but defendant could show no convincing reason for the deed and the circumstances did not indicate a gift.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered June 15, 1918,

[1]Reported in 180 Pac. 873.

upon findings in favor of the plaintiffs, in consolidated actions to cancel a deed, tried to the court. Affirmed.

*Martin & Jesseph,* for appellant.

*G. E. Lovell,* for respondents.

HOLCOMB, J.—This action is to cancel a deed for failure of consideration.

The issue arose out of the following facts: In 1910, Albert Anderson, a resident of Lincoln county, Washington, died, leaving as his sole heir his mother, Thilda Anderson, who became the administratrix of his estate. The estate consisted of various pieces of land in Lincoln county including, among others, the so-called "Busey Place," which is the subject-matter of the present action. Some months after Albert Anderson's death, his mother also died, intestate, and Amanda Sandygren, one of the parties to this action in the lower court, was appointed administratrix of her mother's estate. There were five heirs of Thilda Anderson, among them the respondents Anna Salt and Emma Womach, and their half-brother and sister, Amanda Sandygren and Axel Anderson, the defendant below.

The complaint alleged that, during the probate of Thilda Anderson's estate, the administratrix, Amanda Sandygren, and the defendant below, Axel Anderson, persuaded Anna Salt and Emma Womach that, if they would execute a quitclaim deed in favor of Axel Anderson to the so-called "Busey Place," he, Anderson, would deed back to Anna Salt and Emma Womach other land of the same value, when the estate should be finally closed. Thereupon such quitclaim deed was executed by Anna Salt and Emma Womach to Axel Anderson, and, as the appellant further alleges, the estate was finally closed, but no return deed was ever

made to Salt and Womach by Anderson. Upon this statement of their cause, they prayed for the cancellation of the quitclaim deed aforementioned and for general relief. Anderson demurred to the complaint on a number of statutory grounds not material to this inquiry; and, upon being overruled, answered, substantially denying the allegations of the plaintiff's complaint, and affirmatively alleging that Anderson occupied by adverse possession; that the property was acquired by him through a transaction between himself and his deceased brother, Albert, as a partnership, and finally that the quitclaim deed was voluntarily executed by his half-sisters. The pleadings are of two separate actions, but for the purposes of trial the causes were consolidated and may properly be so regarded in their disposition here. The trial court found the facts to sustain the plaintiffs below, but substituted a money judgment, prorated to each, for their prayer for the cancellation of the deed.

The appeal presents two principal questions for our determination; first, whether the money recovery rendered by the lower court could properly be substituted for judgment of cancellation; and, second, whether the facts, as reported, support the finding of the lower court.

Briefly, appellant's theory, deduced from his argument, is that there is no equity in the bill and that this is a case where the court would have to find that it could not administer equitable relief. In support of this position appellant cites *Robinson v. Brooks,* 31 Wash. 60, 71 Pac. 721; *Knibbs v. Mortensen,* 89 Wash. 595, 154 Pac. 1109; *Gilbert Hunt Co. v. Parry,* 59 Wash. 646, 110 Pac. 541, Ann. Cas. 1912B 225; *Wintermute v. Carner,* 8 Wash. 585, 36 Pac. 490; *Toplitz v. Bauer,* 26 App. Div. 125, 49 N. Y. Supp. 840; *Dakin*

*v. Union Pac. R. Co.,* 5 Fed. 665; *Von Beck v. Rondout,*
15 Abb. Prac. 48; 41 N. Y. 619; *Kinsey v. Bennett,* 37
S. C. 319, 15 S. E. 965; *Johnson v. Swanke,* 128 Wis. 68,
107 N. W. 481, 5 L. R. A. (N. S.) 1048, 8 Ann. Cas. 546;
*Murkowski v. Murkowski,* 61 Wash. 103, 112 Pac. 92;
*Prignon v. Daussat,* 4 Wash. 199, 29 Pac. 1046, 31 Am.
St. 914; *Decker v. Schulze,* 11 Wash. 47, 39 Pac. 261,
48 Am. St. 858, 27 L. R. A. 335; *Brisky v. Lamb-Davis
Lumber Co.,* 98 Wash. 162, 167 Pac. 118; *Chicago, T. &
M. C. R. Co. v. Titterington,* 84 Tex. 218, 19 S. W. 472,
31 Am. St. 39; *Hawes v. Dobbs* (Com. Pl.), 18 N. Y.
Supp. 123; *Robertson v. McPherson,* 4 Ind. App. 595,
31 N. E. 478; *Imperial Shale Brick Co. v. Jewett,* 169
N. Y. 143, 62 N. E. 167; *Denny v. McCown,* 34 Ore. 47,
54 Pac. 952; *Dodd v. Home Mut. Ins. Co.,* 22 Ore. 3,
28 Pac. 881, 29 Pac. 3; *Collier v. Collier* (N. J.), 33
Atl. 193. A digest of the citations from each is as
follows: Where the equitable jurisdiction of the
court has failed; where excessive items are claimed;
where a lien failed; where a request for a jury to
assess damages was denied; where the entire ground
for equitable relief fails; where a purely equitable
action was sought to be retained solely to give dam-
ages not demanded by plaintiff; where an agree-
ment was within the statute of frauds; where a deed
was made in consideration of a contract not an in-
tegral part of the deed; where there was partial fail-
ure of title sought to be conveyed; where no mistake,
fraud or undue influence was shown in the making of
an agreement; where the obligations of a deed were
in the nature of covenants; where there is utter vari-
ance between a complaint in equity and the proof;
where a money recovery was sought on a void trust
deed; where the complaint alleges partly legal and
partly equitable matters and fails in the equitable mat-
ters; in all such cases wherein the court cannot admin-

ister equitable relief, the action must be dismissed and the parties left to their remedy at law.

Against this, the respondents marshal the following cases: *New York Ice Co. v. Northwestern Ins. Co.,* 23 N. Y. 457; *Yarwood v. Johnson,* 29 Wash. 643, 70 Pac. 123; *Dormitzer v. German Sav. & Loan Soc.,* 23 Wash. 132, 62 Pac. 862; *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516; *Murkowski v. Murkowski,* 61 Wash. 103, 112 Pac. 92; *MacKay v. Smith,* 27 Wash. 442, 67 Pac. 982; and *Hewett v. Dole,* 69 Wash. 163, 124 Pac. 374; 31 Cyc. 111. A digest of the argument which these cases support is: That equity will give relief upon the facts and not the prayer; where both legal and equitable relief are prayed for but the complainant fails on one side, relief may be awarded on the side established; that a prayer for general relief entitled complainant to any relief supported by the allegations of the complaint and the proofs introduced; that, where a complaint sounds in both equity and law, the plaintiff is not restricted to the relief asked for specially; where the prayer for special relief is defective, relief will be granted under the general prayer, consistent with the equities of the case.

We regard respondents' authorities as being consonant with the letter and spirit of the law as it applies in the instant case; indeed, in the face of the decision in the case of *Hewett v. Dole, supra,* we could not well do otherwise. *Hewett v. Dole* was a case in which the law was most comprehensively searched, analyzed and stated by Judge Ellis. The facts were more complex than in the instant case, but the general foundations are the same. The action was brought for the cancellation of an instrument upon the grounds that there was a failure of consideration. The court held that the deed could not be cancelled,

.but a. judgment would be given for money damages. Speaking for the court, Judge Ellis concluded his discussion with the following observations:

"We think the trial court correctly held that there was no such clear and convincing evidence of fraud as to warrant a rescission. The complaint, however, alleged, and the evidence established, facts sufficient to entitle the appellant to relief in damages, and the prayer was for general relief. The appellant is entitled to a judgment for the $1,000 cash payment."

In the instant case, the averment of fraud in the complaint was stricken upon motion of the respondents, but the prayer of the complaint was for general relief.

The second question presented is as to whether the facts justified any recovery at all. The testimony is flatly contradictory on each side; appellant asserts that nothing whatever was said about conveying to the grantors of the quitclaim deed any substitute property; the respondents are equally emphatic that such an agreement was the motive and consideration of their quitclaiming. The appellant does not go beyond a negation, he does not show affirmatively a convincing reason for respondents' action as against the position established by them. He admits that it was the oral wish of his mother that her estate should be equally divided between the children, and we cannot presume that the grantors intended the quitclaim deed as a gift. It is also apparent from the record that Anna Salt and Emma Womach are not such experienced business women as to suggest that they were culpably careless in the transaction. In view of the record, as a whole, we cannot disturb the finding of the trial court. This conclusion must also apply to the question of the lower court's valuation of the premises, and the question of Axel Anderson's pre-

vious control of the property in connection with his deceased brother, Albert; in both these matters we regard the court's findings as conclusive after a careful consideration of the entire record.

The judgment in each cause will be affirmed.

MOUNT, FULLERTON, and PARKER, JJ., concur.