MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY *v.*
JOHN KAMPER.

[41 South. Rep., 513.]

RAILROADS.    *Conveyances to road.    Conditions.    Railroad purposes.
Abandonment.*

Where land was conveyed as a donation to a railroad company "for
railroad purposes only":

(*a*) The grantor cannot obtain a cancellation of the deed because
of an understanding that defendant would use the land for its
main line of road, and has only used a part of it, and that for a
branch road; but

(*b*) He is entitled to recover such part of the land as the railroad
company has abandoned.

FROM the chancery court of, second district, Perry county.

HON. THADDEUS A. WOOD, Chancellor.

Kamper, the appellee, was complainant in the court below;
the railroad company, the appellant, was defendant there.
From a decree overruling a demurrer to the bill of complaint
the defendant appealed to the supreme court.

Kamper, the complainant, sought to cancel a deed made by
him to the appellant railroad company conveying to appellant
certain lands in the city of Hattiesburg as a donation by general
warranty.    The following clause appears in the deed, to wit:
"It is distinctly understood that the above mentioned lots and
rights of way are donated for railroad purposes only."    The
bill alleged that at the time the deed was made it was under-
stood that the appellant would build its line from Mobile, Ala.,
to Jackson, Miss., "through" Hattiesburg, but that subsequently
this route was abandoned, and a branch only of said road built
"to" Hattiesburg.    It alleged that appellee was interested in
the development of the territory through which the road would

pass, and that he made the donation to appellant in aid of the road as originally projected. It also charges the abandonment by the appellant of certain parts of the land donated.

*May & Flowers,* for appellant.

The deed executed by Kamper is a general warranty deed. It is a conveyance to the railroad company of the fee. The entire estate was transferred upon the delivery of this instrument. Nothing was left in Kamper.

While the covenant of warranty is unequivocally expressed in the instrument, the last clause of the deed does fix a limitation upon the use of the property. Without this last clause in the instrument, the deed would be absolute, and the railroad company would own the entire estate free from every sort of limitation or condition.

What is the effect of the provision in the deed, "It is distinctly understood that the above lots and rights of way through lots are donated for railroad purposes only?"

It may as well be admitted that this deed was given upon the condition that the property should be used for railroad purposes. If the company had built no road at all, it is idle to contend that it could still hold the property. We think that this provision contains a condition subsequent. A failure to build the road and therefore a failure to use the property for railroad purposes would of necessity forfeit the title to the land. The deed could hardly be construed to mean that the property was vested absolutely in the railroad company, to be held by it for all time upon a covenant running with the land that it should be used for none but railroad purposes. The intention of the parties is too plain. Such transactions are too frequent. The object aimed at could only be reached and such a deed only be made to subserve its purpose by construing it to mean that the land was conveyed for the purpose of encouraging the building of a railroad, and that if the purpose to build a railroad should

be altogether abandoned, then the title would fail. This construction makes this provision a condition subsequent.

We understand the rule to be that covenants are favored by the courts, *Post* v. *Weil,* 115 N. Y., 361 (22 N. E. Rep., 145; 5 L. R. A., 422), and that conditions of defeasance are odious. *Paschall* v. *Passmore,* 15 Pa. St., 295.

In a somewhat similar case, where the lots were conveyed "for the use of a school and no other use," this court left the question undecided as to whether a condition subsequent was created. *Buck* v. *Macon,* 85 Miss., 580 (37 South. Rep., 460). In that case the court said that a mere non-user for two and one-half years could not defeat the estate. In the opinion in that case there is an exhaustive citation of authorities.

If the deed does not describe a condition subsequent, upon the failure of which the right to claim a forfeiture would accrue to the grantor, then this bill cannot be maintained, since the chancery court will not lend aid in a case of this kind. *Memphis, etc., R. R. Co.* v. *Neighbors,* 51 Miss., 412.

For further discussion of the question as to whether this provision creates a covenant or a condition subsequent, see *Clement* v. *Burtis,* 121 N. Y., 709 (24 N. E. Rep., 1013); *Los Angeles University* v. *Swarth,* 54 L. R. A., 266.

The deed executed by Kamper is plain on its face. There is no occasion for construction of its terms. It purports to convey this land to the railroad company in fee with a limitation upon its use. It is a complete contract. The appellee proposes to show that the instrument does not contain all of the contract. He attempts to write into this deed other undertakings and agreements upon the part of the railroad company. While the land is conveyed absolutely, the restriction being that it shall be used for railroad purposes only, it is proposed to show by parol testimony that there was another understanding about it to the effect that the road should be built from Mobile to Jackson by the way of Hattiesburg and across this land.

The appellee recognized the difficulty of showing these other agreements.  He saw that he stood face to face with the rule which prohibits the introduction of parol testimony to vary or contradict or add to a written instrument.  In order to get around this rule and to open up the contract to the introduction of new terms by parol testimony, he proposes to come in through the "consideration door."  He undertakes to so write his bill as to make it appear that these promises and undertakings on the part of the railroad company to build the line to Jackson from Hattiesburg constituted the controlling consideration for which he executed the deed.

While it is true as a general rule that the consideration of an agreement may be shown to be other than that named in the instrument, this rule has its limitations.  If the consideration itself is in the form of a promise or a contract, it cannot be changed by parol testimony any more than any other contractual provision.

"The statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act, as when in the same writing the parties set out their mutual promises as consideration for each other.  Here the word consideration signifies a term of the contract and hence the writing alone can be examined.  4 Wigmore on Evidence, sec. 2433; *Baum* v. *Lyon,* 72 Miss., 932 (18 South. Rep., 428); *Drug Co.* v. *Planters, etc., Co.,* 86 Miss., 423 (s.c., 38 South. Rep., 209); *Cocke* v. *Blackburn,* 58 Miss., 537; *Pine Grove Lumber Co.* v. *Interstate Lumber Co.,* 71 Miss., 944 (s.c., 15 South. Rep., 105).

*Brame & Brame,* and *W. H. Hardy,* for appellee.

Complainant's rights being granted, it is obvious that there is no remedy at law.  Appellee is in possession of the lands. By misrepresentation and promises never kept, he has been induced to part with the legal title.  Although in possession and the real owner, he cannot deal with the land because of this

cloud upon the title.    Equity has full and exclusive jurisdiction. *Brandon* v. *Brandon,* 46 Miss., 222; *Railroad Co.* v. *Neighbors,* 51 Miss., 312; *Railroad Co.* v. *Ragsdale,* 54 Miss., 200.

Complainant alleges that appellant secured the legal title to the property for certain purposes and upon certain considerations; that these have failed; that the condition subsequent upon which the title was to vest has never been performed; that the company has abandoned its intention to use the land for the railroad purposes agreed upon, and hence forfeited its right thereto.    The demurrer admits all this.    How can it escape a decree granting the relief asked?

Complainant is not seeking to change the terms of the deed and secure any relief thereby, nor does he claim that there was anything intended by either party other than is shown by the deed.    This deed itself shows that the land was conveyed for railroad purposes; that it was donated by the appellee to be used by it for railroad purposes only, and in as much as appellant has not used it for the purposes intended, it has no real interest therein.    The relief sought is entirely consistent with the recitals of the grant.

It is not sought to interpolate or ingraft in the deed any conditions or agreements other than those expressed.    By interpolation is meant the writing into instruments words, conditions and agreements made before the execution thereof and which are a necessary part of the instrument, but which are by mistake or otherwise omitted in drawing up the agreement.    The appellee does not claim any relief by reason of any condition or agreements which were made prior to the execution of the deed and which should have been put in and considered a part thereof.    It is shown that the only consideration, the single condition, upon which the land was conveyed was that it should be used for railroad purposes only.    This is shown to be the only and real condition upon which the grant was made.    The appellee does not seek to vary the deed, but to show that the consideration for executing it has failed.

Appellee does not seek to contradict or vary the terms of the deed by parol. What he does show is that there was either no consideration or that the consideration has failed. Parol evidence is admissible to show that there was no such consideration or that it was different from that expressed or that it has failed. *Pollen* v. *James,* 45 Miss., 129; *Meyer* v. *Casey,* 57 Miss., 615; *Cocke* v. *Blackbourn,* 57 Miss., 68; *Ohleyer* v. *Bernheim,* 67 Miss., 75 (s.c., 7 South. Rep., 319).

"Where in a deed the consideration or admission of its receipt is stated merely as a fact, that part of the instrument is viewed as a mere receipt and is subject to be varied and modified or explained by parol. *Baum* v. *Lynn,* 72 Miss., 932 (s.c., 18 South. Rep., 428).

"The rule which excludes parol evidence tending to contradict a written instrument is inapplicable to evidence of failure of consideration." *Meyer* v. *Casey,* 57 Miss., 613; *Cocke* v. *Blackbourn,* 57 Miss., 689.

But the main object of the bill is to cancel a cloud on the title because of a breach of the condition upon which the deed was secured and the condition written therein, showing that the grantee was to perform certain things which would be of benefit to the grantor, and which condition has been broken or rather has not been performed in any manner. If appellee can hold this land by reason of constructing a branch line, which requires the use of only a portion of it for railroad purposes, it could hold the same by constructing a log road a few miles long.

Equity has jurisdiction where the condition upon which a deed was made has failed.

In *Brandon* v. *Brandon,* 46 Miss., 222, it upheld jurisdiction where the condition was that the grantee should support the grantor for life.

In passing upon almost the identical question here involved in *Railroad* v. *Neighbors,* 51 Miss., 417, the court said: "Subsequent conditions are those which operate upon an estate al-

ready vested, and render it liable to be defeated. Under the modern system of conveyancing, the estate of freehold passed to the grantee as completely as by the deed, as by the ancient formula of livery of seizin, and remains in him when subject to defeasance until resumed by the grantor or his heirs for condition broken. The mere non-performance of the condition does not defeat the estate. It is in the election of him who has a right to its enforcement to insist upon a forfeiture or raise it. Notwithstanding the breach, the estate abides in the grantee until it is put an end to by entry, or the estate has passed and vested in the grantee, subject, however, to be divested by the grantor or his heirs, by entry, or an equivalent act, whereby he or they are restored to his former or original estate, and may recover possession in a court of law. The remedy at law is full, adequate and complete. The grantor, being fully restored to his original estate, has no occasion to go into a court of chancery to recover the property. Besides, a court of equity will decline to entertain a bill for the recovery of an estate where the right is founded purely upon a forfeiture. But if the complaining party has an unquestioned right to the property and for any cause has no remedy at law, another principle which lies at the foundation of all chancery jurisdiction asserts itself, and that it will relieve in every meritorious case if the court of law by reason of its inflexible rules cannot. In many instances the inquiry is not whether there may not be redress at law, but whether that court is able to give full and complete remedy."

Mayes, J., delivered the opinion of the court.

The bill filed in this case shows that Kamper is still in possession of the property. It is only necessary for us to say that we think the action of the lower court in overruling the demurrer was proper; but, this appeal being prosecuted for the purpose of settling the principles of the case, we deem it necessary to say that complainant will not be allowed to show that

the donation of the land for "railroad purposes only" was meant for the purpose of being used only for the road to be built from Mobile, Ala., through Hattiesburg, to Jackson, Miss. But the land will be deemed to have been used for the purpose of its donation when it is shown that it is used for any railroad purpose by the defendant company, appellant. The demurrer to the bill admits all the facts, and thereby admits that appellant has abandoned a part of the land conveyed by appellee and its use for railroad purposes. It only remains for us to say that the appellee should be allowed to recover such part of the land conveyed as is shown to have been abandoned by appellant, and that he should be denied relief as to such parts of the land conveyed as is shown that appellant is using for railroad purposes.

*Let the decree be affirmed, and the cause remanded, to be proceeded with in accordance with this opinion, thirty days being allowed defendant to answer after mandate filed in the court below.*