[No. 21033.    Department One.    April 14, 1928.]

## CHARLES M. SPRAGUE, *Respondent*, v. GEO. M. McDONALD, *Appellant*.[1]

[1] PARTNERSHIP (96)—DISSOLUTION AND ACCOUNTING—CHARGES AND CREDITS. Items in a partnership account cannot be complained of by appellant where he was the bookkeeper and accountant for the partnership and his statement has been accepted in settling the account.

[2] EQUITY (25)—PARTNERSHIP (96)—ACCOUNTING—ITEMS — JURISDICTION ACQUIRED IN EQUITY. In a partnership accounting, notes executed long prior, and in no way related, to the formation of the partnership (one of which was outlawed) are properly excluded from consideration as not germane to or growing out of the matter of equitable jurisdiction.

Appeal from a judgment of the superior court for Grant county, Jeffers, J., entered March 19, 1927, upon findings in favor of the plaintiff, in an action for dissolution of a partnership and for an accounting, tried to the court. Affirmed.

*William M. Clapp*, for appellant.
*John W. Hanna*, for respondent.

MITCHELL, J.—This action was brought in February, 1926, by Charles M. Sprague against George M. McDonald for the dissolution of a partnership and for an accounting of their partnership affairs. There was a judgment for the plaintiff, from which the defendant appeals.

[1]Reported in 266 Pac. 191.

The first assignment is that the court erred in finding that there was a partnership between the parties. The record contains an abundance of evidence to show a partnership between the parties, in the business of sheep-raising, commencing about October 1, 1921. As we understand the record, the appellant admitted the partnership in both his pleadings and in his testimony.

[1] The next two assignments question the correctness of the court's findings in stating and settling accounts of the partnership. The items involved are very numerous, and from an examination of them we are of the opinion that the appellant has no just cause for complaint. He was the bookkeeper and accountant for the partnership, and his statement has been accepted in settling the account.

One respect in which appellant claims error in striking the account is that the trial court charged the appellant with $1,000 more than the proof justified, as money withdrawn by him from the partnership. In making the claim and arguing the point, appellant's own exhibit, number 49, is relied on, and it is said in the brief that the last four items of such withdrawals are as follows: "January 1, 1925, check $1,000; March 3, 1925, check $1,000; March 24, 1925, check $1,500; and April 14, 1925, check for $16.64." Clearly, however, as it appears upon the face of the exhibit immediately at the place where the items just mentioned appear, there is another item, viz: "April 14, check $1,000," overlooked by counsel in his argument, while the item of $16.64, claimed to have been withdrawn, is not a withdrawal, but represents the balance or difference in amounts stated in the debit and credit columns of the statement as the same appears at that place in the form in which the statement is made out. There are other items objected to, but our examination of the record satisfies us that the evidence clearly

preponderates in favor of the court's findings, and that the facts and basis of the settlement are as favorable as the appellant is entitled to.

[2] Further, it is claimed that the court erred in disallowing as counterclaims three promissory notes held by the appellant, upon which it was claimed the respondent was liable. One of the notes, in the sum of $1,550, dated November 10, 1917, due April 1, 1918, which was in no way connected with the partnership affairs, was outlawed as an obligation against the respondent under his affirmative defense of the statute of limitations. The other two notes, being of lesser amounts, were executed long prior to the formation of the partnership and are in no way related to or connected with it, and were not properly to be taken into account and litigated in this suit in equity for the dissolution of a partnership and settling the accounts between the partners. In this respect, the case is controlled by *Lawrence v. Halverson*, 41 Wash. 534, 83 Pac. 889, in which it was said:

"It is a well established rule that equity, having taken jurisdiction for one purpose, will retain it for others necessary to final settlement of all matters involved in the litigation between the parties growing out of and connected with the subject-matter of the suit, and will decide all incidental matters necessary to enable it to make a final determination of the whole controversy (1 Beach, Modern Equity Jurisp. § 21); the only limitation being that the matters adjudicated must be germane to, or growing out of, the matter of equitable jurisdiction, and not distinct legal rights not affected by adjudication of the equitable questions involved."

Affirmed.

MACKINTOSH, C. J., PARKER, and FRENCH, JJ., concur.