[No. 25991. Department Two. April 23, 1936.]

FRANK J. BELMONT et al., *Appellants,* v. C. E. HAMANN et al., *Respondents.*[1]

*William A. Gilmore* and *W. H. Cook,* for appellants.
*Byers, Westberg & James,* for respondents.

HOLCOMB, J.—This is a suit by appellants against respondents for an accounting growing out of a written copartnership contract entered into between the parties on January 2, 1932, to handle California grapes and citrus fruits in Seattle.

The complaint, after alleging facts tending to show that respondents had converted to their own use certain of the proceeds of the partnership during the month of September, 1933, and were indebted to appellants in a large sum, closed with the following prayers:

"1st, That said partnership be dissolved.

"2nd, That an accounting be taken of all of said partnership dealings between on or about January 1st, 1933, up to and including May 16th, 1934, and of the profits accruing to said partnership during said period of its existence.

"3rd, That the conveyance and transfer of the assets

[1]Reported in 56 P. (2d) 1311.

and good will of said partnership to said defendant corporation be vacated and set aside and held for naught, and said corporation enjoined from using said partnership name.

"4th, That the assets and good will of said partnership be sold and its debts and liabilities paid off and the surplus, if any, divided between the plaintiffs and the defendants, C. E. Hamann and said wife according to their respective interests.

"5th, That the plaintiff have judgment against the defendants, C. E. Hamann and said wife, for any money as shall be found by the court to have been appropriated by said C. E. Hamann during the said period of existence of said partnership for the benefit of himself and said wife as belonging to the plaintiffs.

"6th, That plaintiffs receive such other and further relief as to the court may seem equitable and just."

The answer of respondent Hamann and wife alleges the dissolution of the partnership and a settlement of its affairs on August 28, 1933, and that all of the accounts of the partnership prior thereto were fully stated and settled, and prayed for dismissal of the action.

Upon these issues, the case went to trial before the court without a jury, at the conclusion of which the trial court intimated that there had been some exaggeration and tergiversation by both parties, but held that the partnership had been dissolved on or about August 28, 1933. The trial judge was convinced that there was something due appellants on the handling of the property after the partnership was dissolved and upon the note, but stated that was matter for another action for the amount of the goods shipped in September and the balance due on the note.

The note given reads:

"577.00                          Seattle, Wash.
                                            Aug. 28, 1933.
"I promise to pay to the order of Frank J. Belmont, 1905 South Date Street, Alhambra, California, the sum

of Five Hundred Seventy-seven Dollars ($577) to be payable monthly on the 30th day of each calendar month, commencing September 1, 1933, at a minimum rate of Ten Dollars ($10), and in the event that any carloads of merchandise are shipped to the Belmonte Produce Co., Seattle, Washington, I agree to remit $10 from my half of the profits on each car shipped; said $10 to be credited as a payment on this note.

"C. E. Hamann,
1012 Western Avenue, Seattle, Wash."

There is no acceleration clause in the note, and it is plain that there are payments to be made of not less than ten dollars per month until January 30, 1938, when the last would be due and payable.

For reversal, appellants make two contentions: First, that the judgment of dismissal is erroneous because it appears by the weight of the testimony that there never was a dissolution of the partnership agreement, and that appellants are entitled to an accounting from respondents; second, that, even if there had been a dissolution of the copartnership in August, 1933, appellants were entitled to a judgment for the amount due on the note which represented the balance of the proceeds of the partnership up until August, 1933, and for the balance of the indebtedness due him for the merchandise shipped in September, 1933.

The trial judge saw the witnesses and was better able to judge of their credibility than are we. However, from an examination of the documentary, epistolary and oral evidence, we are not persuaded that the facts conflict with the trial court's decision, but the contrary. No useful purpose would be subserved by detailing or analyzing them herein.

The terms of the note above quoted are convincing that the partnership had been dissolved on that date, and that the parties had made their own accounting.

There was nothing due from that time except the ten dollars per month, as agreed upon in the note.

At the time suit was begun, there were about one hundred ten dollars due on the note, but appellants did not ask to amend the complaint so as to recover on the note according to its terms nor on the transactions in September, 1933.

This case is governed in principle by *Williams v. Snow,* 109 Wash. 329, 186 Pac. 861, where we held that, when the trial court announced its findings to appellant, who did not call those matters to the attention of the trial court nor ask for leave to introduce further proof, he is not entitled to such relief. See, also, *Sprague v. McDonald,* 147 Wash. 451, 266 Pac. 191. The cause was tried by respondent and the trial court on that issue.

The judgment of the trial court is right, and is affirmed.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.