[No. 7145. Decided June 8, 1908.]

# W. M. MAITLAND, *Appellant*, v. C. M. PURDY, *Respondent*.[1]

PARTNERSHIP—ACTIONS BETWEEN PARTNERS—DISSOLUTION AGREE-MENT—EVIDENCE—SUFFICIENCY. In an action between former equal partners, plaintiff claiming that upon dissolution the defendant had overdrawn in a certain sum, and had agreed to pay plaintiff any sum overdrawn, findings that no such promise was made are sustained where the evidence was conflicting, in view of the improbability of such promise.

SAME—RIGHTS AND DUTIES. Upon the dissolution of an equal partnership, an express promise is not necessary for the recovery of one-half of the sum overdrawn by one of the partners.

PLEADINGS—AMENDMENTS—ABUSE OF DISCRETION—PARTNERS—AC-COUNTING. In an action between former partners, upon an alleged promise to pay whatever amount was overdrawn on dissolution of the partnership, it is an abuse of discretion to refuse leave to amend the complaint so as to ask an accounting, where it appears at the trial that no such promise was made as alleged, but that the parties had been equal partners and that defendant had overdrawn a sum that could be determined only upon an accounting; since a party is not to be turned out of court if entitled to any relief.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 2, 1907, upon findings in favor of the defendant, dismissing an action to recover an interest in partnership profits. Reversed.

*G. P. Fishburne*, for appellant.

*Eugene Carr*, for respondent.

HADLEY, C. J.—The plaintiff and defendant in this case were formerly copartners, sharing equally in the profits of the partnership business. The complaint avers that, prior to the dissolution of the partnership, the defendant withdrew from the assets of the firm $429 in excess of the amount drawn by the plaintiff. It is also alleged that, at the time of the dissolution, the defendant agreed with the plaintiff to

[1] Reported in 96 Pac. 154.

pay the latter whatever amount the defendant had drawn in excess of the amount drawn by the plaintiff according to the books of the partnership, and that the books showed such excess to be $429. Subsequent request for payment and refusal to pay are alleged, and judgment is asked for the full sum of $429. The answer admits the copartnership, but denies all other averments of the complaint. The case was tried by the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff has appealed.

The opinion of the trial court upon which its decision was based is contained in the record. The court held that the action is based upon the promise to pay the $429 as the amount drawn by the respondent in excess of what was drawn by appellant. The evidence conflicted as to the promise, and in view of that fact, and of the improbability of the promise being made as alleged, the court found that there was no such promise. We agree with the trial court as to the improbability of a promise to pay the full amount drawn by one partner in excess of that drawn by the other, since under the equal division of profits there was no obligation to pay more than one-half of the excess so drawn. We therefore think that, under the evidence, there was no error in finding as the court did concerning the promise. The partnership was, however, admitted, as well as the equal ownership of the partnership assets and profits, and the evidence undoubtedly showed that the respondent has drawn a sum in excess of that drawn by appellant. The law therefore casts upon respondent the obligation to pay to appellant the necessary amount to make the two equal. This obligation exists without regard to any express promise to pay. It was manifest to the court from the evidence before it that respondent was indebted to appellant in a sum which could be determined by an accounting only, but it was the view of the court that the action was brought as one at law based upon an express promise, and that an accounting cannot be had in this action.

Respondent asked leave to amend the complaint so as to make any allegations the court thought necessary to cover an accounting, but the application was denied upon the theory that the amendment would change the action from one at law to one in equity for an accounting. If an amendment was necessary, we think it was an abuse of discretion to refuse it and to require the parties to go out of court. If there was surprise by reason of the amendment which called for a continuance or the imposition of terms, that was another consideration to be determined equitably from all the circumstances. No objection was made on the ground of surprise. The objection was based upon the mere denial of the right to amend. Under such circumstances it was an abuse of discretion to refuse the amendment. *Leaman v. Thompson,* 43 Wash. 579, 86 Pac. 926. It was immaterial that the amendment may have introduced issues of an equitable nature. In this state the distinction between forms of actions at law and in equity has been abolished, and if a complaint sets forth any ground for relief, it is the duty of the court to determine the case by applying to the facts the appropriate and necessary principles of law, whether legal or equitable. *Surber v. Kittenger,* 6 Wash. 240, 33 Pac. 507; *Dunlap v. Rauch,* 24 Wash. 620, 64 Pac. 807; *Dickerson v. Spokane,* 26 Wash. 292, 66 Pac. 381; *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264; *McKay v. Calderwood,* 37 Wash. 194, 79 Pac. 629; *Goupille v. Chaput,* 43 Wash. 702, 86 Pac. 1058.

In the last-named case, it was held that, when it developed in an action to recover money that the amount can only be ascertained through an accounting, the case must be withdrawn from the jury and an accounting had, the pleadings being considered amended to conform to the facts. In essential particulars that case is similar to this one, and the rule there followed should govern here.

The judgment is reversed and the cause remanded with instructions to permit an amendment of the complaint so as to

clearly cover an accounting, and then proceed to hear and determine the case as one for an accounting.

FULLERTON, RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.