[No. 15493.  Department Two.  January 7, 1920.]

GUY C. WILLIAMS, *Respondent*, v. N. SNOW, *Appellant*.[1]

PLEADING (104)—AMENDMENTS TO CONFORM TO PROOF. The complaint in an action in equity for a partnership property may be amended to conform to proof showing plaintiff was entitled to recover for advances and services, where it develops that the partnership had no title to the property and plaintiff's allegations were made in good faith.

APPEAL (119-1)—OBJECTIONS TO PLEADINGS—AMENDMENTS. Error cannot be assigned in allowing a complaint to be amended to conform to proof on the ground of surprise, where the objection was not made below.

Appeal from a judgment of the superior court for Kittitas county, Allen, J., entered December 27, 1918, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*Eugene E. Wager,* for appellant.

*Kern & Henton,* for respondent.

TOLMAN, J.—The complaint in this action, in substance, alleges that the parties hereto had theretofore entered into a copartnership to engage in the sheep business, and after detailing various matters done and to be done thereunder, sets forth that appellant agreed to turn into the partnership a certain band of sheep, consisting of eighteen hundred ewes, which he then claimed to own individually, one-half of the reasonable value thereof to be paid therefor by the respondent out of his one-half of the profits to be realized from the partnership business; that thereafter respondent devoted all of his time to the partnership business and the care of such sheep, and advanced and expended for the use and benefit of the partnership

[1]Reported in 186 Pac. 861.

$1,459. It is further alleged that, in March, 1918, appellant assumed exclusive possession of all the partnership property and affairs, commingled the sheep referred to with sheep belonging to others, and clipped and sold the wool therefrom, appropriating the proceeds to his own use, and refused to account therefor, with intent to deprive respondent of his interest in the partnership. The prayer of the complaint is that the partnership be dissolved, an accounting be had, the partnership property be sold, and after the payment of the partnership debts, the proceeds be divided according to the respective interests of the copartnership, and for general relief. The answer is a general denial. The cause was tried as an equitable one to the court, and after hearing all the evidence, the trial court orally gave his opinion, in which he held that the undertaking was a joint venture or limited partnership; but because the eighteen hundred ewes which appellant had agreed to turn into the partnership did not belong to him, being then and ever since the property of another partnership, composed of appellant and one Smithson, who is not a party here, that the partnership under consideration gained no title to the sheep, and therefore there was no partnership property to be accounted for, sold or divided; that the pleadings would be considered amended to conform to the proof, and because of appellant's misrepresentations as to the ownership of the sheep, upon which respondent relied, respondent would be entitled to recover to the extent of his advances and expenditures in money and services. Findings and judgment followed in favor of the respondent for $1,452 and costs, from which this appeal is prosecuted.

Appellant's main contention here is that the court erred in rendering judgment in effect for damages instead of dismissing the action when it was found that

there was no partnership assets to be divided. While it appears that respondent knew before he brought the action that Smithson claimed some interest in the sheep referred to, yet it is not claimed nor intimated that he acted in bad faith in framing his complaint upon the theory which he did, and there is nothing to warrant us in so finding. Assuming, then, that the theory of the complaint was adopted in good faith, did the court err? We think not. In *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264, it was held by this court that the superior court is a court of general jurisdiction, with power to hear and determine both legal and equitable issues, and that when the court is advised as to the facts in a case of which it has jurisdiction, it should apply the proper remedy, be it legal or equitable, since a party is not to be turned out of court if entitled to any relief under the pleaded facts. This rule has been followed in many cases, among which are: *Brown v. Baldwin,* 46 Wash. 106, 89 Pac. 483; *Maitland v. Purdy,* 49 Wash. 575, 96 Pac. 154; *Pacific Iron & Steel Works v. Goerig,* 55 Wash. 149, 104 Pac. 151; *Dolan v. Cain,* 59 Wash. 259, 109 Pac. 1009; *Hewett v. Dole,* 69 Wash. 163, 124 Pac. 374; *Coliseum Investment Co. v. King County,* 72 Wash. 687, 131 Pac. 245, and *Salt v. Anderson,* 107 Wash. 149, 180 Pac. 873.

But it is contended that the case was tried upon the theory that whether or not the partnership existed was the paramount if not the sole issue, and had appellant known that the judgment for damages would follow, he could and would have introduced proof disputing or disproving the items which the court allowed, and might, as a matter of right, have demanded a jury trial. The answer is that, when the trial court orally announced his findings, appellant did not call these matters to his attention, nor ask for leave to introduce such further proof, or file his demand for a

jury trial. In the absence of some such action below, this question cannot be raised and reviewed here. *Dolan v. Cain* and *Pacific Iron & Steel Works v. Goerig, supra.*

All other errors assigned relate to the sufficiency of the evidence to support the findings and judgment. We have carefully read the entire record, and we cannot hold that the evidence preponderates against the findings of the trial court in any respect.

Judgment affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.