McGRAW COMPANY, Appellee, v. ZONTA TIRE & RUBBER COMPANY, Appellant.

SALES: Remedies of Seller—Conditions Precedent—Delivery of Part of Numerous Articles. A vendor who contracts to furnish a mechanical plant, consisting of a list of apparatus and materials, for one stated price for the entire outfit, may not, either at law or in equity, compel the acceptance and payment by vendee for a *part* of the apparatus and materials, without any pretense that the entire contract has been fulfilled.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

OCTOBER 24, 1922.

THE opinion sufficiently states the nature of the case. From a decree for plaintiff, defendant appeals.—*Reversed and remanded.*

*Snyder, Gleysteen, Purdy & Harper,* for appellant.

*Homer B. Carter,* for appellee.

WEAVER, J.—This action was begun at law, but a demurrer to the petition having been sustained, plaintiff filed an amended and substituted petition entitled in equity, asking relief in the nature of specific performance. A demurrer to the substituted pleading was sustained in part and overruled in part; whereupon, the plaintiff amended its substitute, and defendant again demurred. This last demurrer was overruled, and, defendant electing to stand thereon and refusing to plead over, decree was entered as prayed; and defendant appeals.

The substance of the controversy is as follows: The plaintiff, under date of May 15, 1920, entered into a written contract with the defendant to furnish defendant "F. O. B. cars, point of shipment," a list of apparatus and materials, described in numerous specific items, at the agreed price of $13,750.30, the various items not being separately priced in such contract. It was further provided that the payment of the purchase price should be made in installments, "$1,375 June 15, 1920; $5,500 payable sight draft attached to bill of lading; and $6,875.30 payable 60 days from date of bill of lading." Shipment, under the contract, was to be made "approximately four months or as near to this date as shop conditions will allow." By further express provision, all prices were made "F. O. B. at point of shipment," and freight was to be paid by the plaintiff company. The writing contains also a provision reading:

"Pro-rata payments shall be made in case of partial shipments and a further agreement that the title to the apparatus therein specified shall not pass from the plaintiff until all the payments therein provided for shall be fully made."

The first amended and substituted petition, entitled in equity, sets out the written contract, and alleges that, on or about October 8, 1920, "the *apparatus hereinafter described* was completed, ready for shipment, and on October 27, 1920, plaintiff notified defendant in writing that said apparatus was ready for shipment and delivery to defendant, and offered to ship the same subject to sight draft attached to bill of lading, for 40

per cent of the price of said apparatus, *in accordance with said contract.*" It further alleged that defendant refused to accept said proffered shipment, stating its inability to pay the 40 per cent demanded, and requested that delivery be withheld until further notice. The value or price of the materials so alleged to have been completed and tendered to defendant is alleged to be $4,480.02, and plaintiff prays that defendant be decreed to perform the contract according to its terms, and that it have judgment against defendants for the recovery of said sum of $4,480.02. The final amendment to the pleading is an allegation to the effect that, on and since October 8, 1920, the "apparatus *hereinbefore described*" was, and still is, in storage at the factory, ready for shipment, and offers to ship same to defendant by prepaid freight, "upon payment into court by the defendant of the balance of the purchase price thereof, $4,480.02, to be delivered to the plaintiff upon surrender of the bill of lading." It is to the petition as thus amended that defendant's demurrer was overruled. The correctness of this ruling is what we have to consider.

An examination of the record reveals an unusual, if not unique, condition. In the contract sued upon, the plaintiff undertook to furnish apparatus and materials for a mechanical plant of some nature. The list making up the order contained some twelve distinct items, priced at a single lump sum of $13,750.30, to be paid for in three stated installments. There was no provision reserving to plaintiff the option to deliver a part of the order and demand payment in advance of the completion of the contract. True, it is provided, as pointed out by the appellee, that "pro-rata payments are to be made in case of partial shipments;" but this evidently means no more than that, if the purchaser calls for and obtains a partial delivery of the materials ordered, before the contract is complete, he must pay for it when received. It would be highly unreasonable to say that plaintiff, being under express obligation to furnish the entire list at an aggregate price, and being allowed four months or more for the accomplishment of this, could proceed to prepare the promised apparatus and material in parts or parcels, and, as fast as one or more of them was completed, could notify the

defendant of its readiness to deliver such part or parcel of its order, and maintain action at law or in equity to collect its "pro-rata value." Now, as we have already seen, the contract is entire for the furnishing of a list of a dozen or more items of apparatus for the price of $13,750.30. The petition does not allege, nor do counsel contend in argument, that the contract has ever been completed, or that a single item of said apparatus or materials has ever been delivered. What it does allege is that certain specific items called for by the contract, amounting to less than one half of the entire order, were prepared on or before October 8, 1920; that defendant refused to accept or pay for these finished items; and that they remain on hand in store at the factory, while plaintiff avers its willingness to surrender these items to defendant on condition of defendant's payment therefor in advance. The unsoundness of such claim is too manifest to require argument or citation of authorities.

It is true that a petition setting up a claim for relief in equity is not ordinarily demurrable on the ground that it fails to plead an equitable cause of action, and that the true remedy is by motion to transfer the cause to the law calendar; but, to have the advantage of that rule, the petition attacked must appear to allége a good cause of action of some character at law, if not in equity. The trouble with the petition in this case is that it does not state a good cause of action in either forum. The plaintiff plants its demand for a recovery on a written contract, which, by its own showing, it has never performed, and which it does not now offer to perform.

We do not undertake to say that plaintiff has no right of recovery for damages for violation of contract. We can only say that such a claim is not made, nor ground therefor alleged.

Lest we be misunderstood, it may be said that there are cases in which specific performance of a contract for sale of personal property may be enforced; but they are exceptional. It is not entirely paradoxical to say that the right of a party to an executory contract to violate it and refuse performance is as sacred as the right to make it; but the exercise of such right involves his liability to answer in damages for his default; and

in all ordinary cases, the recovery of damages is regarded as an adequate remedy.

Further discussion of the record is unnecessary. The views expressed make necessary a reversal of the ruling and judgment below. The cause is remanded to the trial court, with directions to sustain the defendant's demurrer, with leave to the plaintiff, if it shall be so advised, to file a petition at law.—*Reversed and remanded.*

Stevens, C. J., Preston and De Graff, JJ., concur.