(97 South. 78)

BIRMINGHAM SAWMILL CO. v. SOUTHERN RY. CO.    (6 Div. 918.)

(Supreme Court of Alabama.    June 9, 1923. Rehearing Denied June 30, 1923.)

1. Trial ⬅️11(3)—Cause can be transferred to law docket after demurrer to bill is sustained.

The fact that there was a decree sustaining a demurrer to the bill in equity on the ground that complainant had an adequate remedy at law does not prevent the application of Gen. Acts 1915, p. 830, authorizing a transfer to the law side of the court.

2. Ejectment ⬅️9(5)—Railroad right of way can be recovered by statutory ejectment.

A railway right of way may be recovered by statutory ejectment.

3. Railroads ⬅️82(6)—Allegation respondent fraudulently held right of way is not sufficient to charge fraud.

In a bill to recover possession of land used as a railway right of way, an allegation that respondent fraudulently held the right of way is insufficient on its face to charge fraud so as to give jurisdiction to equity.

4. Reformation of instruments ⬅️16—Equity cannot give deed meaning which stranger mistakenly thought it should have.

Where no mistake or fraud was alleged in the execution of the deed, a court of equity cannot give to it a meaning contrary to its plain provision for the reason that a stranger to the title may have thought the deed contained different provisions, or may have intended to procure the parties thereto to embrace in the deed different provisions.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Evidence ⟨⟩441(8)—Contemporaneous parol agreements cannot vary deed.**

In the absence of proper averments of fraud, accident, or mistake in the procurement of a deed, it will be given effect and not varied by the contemporaneous parol agreements, since the intention of the parties to the instrument, where clearly expressed, is of controlling efficacy.

**6. Railroads ⟨⟩82(6)—Statutory ejectment held adequate remedy to determine right to railroad right of way.**

Where there was no proper allegation of fraud or mistake in the execution of a deed conveying a railroad right of way, with provision it should revert to the grantor in case it was abandoned by the grantee, and the railroad company was still in possession of the right of way, the remedy of a successor of the grantee who claimed abandonment to recover possession by a statutory ejectment was adequate, and a demurrer to the bill was properly sustained on that ground.

**7. Railroads ⟨⟩82(6)—Exclusion of evidence of attempts to rent other lots held proper.**

In statutory ejectment to recover possession of a railway right of way on the ground it had been abandoned, there was no error in refusing evidence offered by plaintiff that it had endeavored to secure other tenants on its lots through which the right of way passed, since such evidence was not confined to a rental of the right of way in question, and was not definite as to the time or as to defendant's connection with the effort to rent or lease the lots.

**8. Evidence ⟨⟩113(5)—Question held not to call for proper test of rental value.**

In ejectment to recover a railway right of way for a spur track on the ground that it had been abandoned, a question whether, if the remainder of the blocks through which the strip passed did not rent for anything, the strip would not have had any rental value, did not call for the proper test of the rental value of the right of way and the use of the spur track thereon.

**9. Railroads ⟨⟩82(6)—Evidence held to warrant affirmative charge denying abandonment of spur track right of way.**

In statutory ejectment to recover possession of a right of way for a spur railway track on the ground of abandonment, where the uncontradicted evidence showed that the company, which had the right to use the spur track for railroad purposes so long as it was required for its general business, had not discontinued the use or removed its track, the affirmative charge for defendant was properly given, though it should not have been given if an adverse inference might have been drawn from the evidence on the issue of abandonment.

•

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Bill by the Birmingham Sawmill Company against the Southern Railway Company to interpret a deed to a right of way, etc. From a judgment for defendant, after transfer of the cause to the law side of the court, plaintiff appeals. Affirmed.

F. D. McArthur, of Birmingham, Ala., and Neuhoff & Millar, of St. Louis, Mo., for appellant.

Equity will construe a deed so as to effect the intention of the parties. 4 Pom. Eq. (4th Ed.) 3208; S. A. L. Ry. v. Anniston Mfg. Co., 186 Ala. 264, 65 South. 187. The general affirmative charge should never be given, when different inferences can be drawn from the evidence. Sanders v. Edmonds, 98 Ala. 158, 13 South. 505. Abandonment is a question for the jury, being one of fact. T. & C. R. R. v. Taylor, 102 Ala. 228, 14 South. 379; W. U. Tel. Co. v. L. & N. R. R., 202 Ala. 548, 81 South. 44; 206 Ala. 368, 89 South. 518; 9 R. C. L. 813; P. O. & N. R. v. Reed, 130 Mich. 661, 90 N. W. 658; K. C. R. R. v. Wagand, 134 Ala. 392, 32 South. 744.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

Equity will entertain bills for the cancellation of deeds only when fraud, mistake, or misrepresentation occurs, or complainant in possession seeks to quiet title. 6 Cyc. 286; 9 C. J. 1161; Stacey v. Walter, 125 Ala. 291, 28 South. 89, 82 Am. St. Rep. 235; Shannon v. Long, 180 Ala. 128, 60 South. 273; Smith v. Roney, 182 Ala. 540, 62 South. 753. Where complainant is not in possession, equity as rule will not entertain bill to cancel a deed, since complainant has an adequate remedy at law. Smith v. Pearson, 24 Ala. 355; Galloway v. Hendon, 131 Ala. 280, 31 South. 603; Treadwell v. Torbert, 133 Ala. 504, 32 South. 126; Letohatchie Church v. Bullock, 133 Ala. 548, 32 South. 58; Boddie v. Bush, 136 Ala. 560, 33 South. 826; Wilkinson v. Wilkinson, 129 Ala. 279, 30 South. 578; Wilson v. Miller, 143 Ala. 264, 39 South. 178, 111 Am. St. Rep. 42, 5 Ann. Cas. 724; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172; Shannon v. Long, 180 Ala. 128, 60 South. 273; Cox v. Davis, etc., Co., 206 Ala. 167, 89 South. 437; Stewart v. Stewart, 205 Ala. 340, 87 South. 799. Ejectment will lie by a plaintiff to recover railroad right of way. Tenn. C. R. R. Co. v. East Ala. Ry. Co., 75 Ala. 517, 51 Am. Rep. 475; A. G. S. R. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 859; Sadler v. A. G. S. R. R. Co., 204 Ala. 155, 85 South. 380; Seaboard Air Line v. Banks, 207 Ala. 194, 92 South. 117. Where a deed is plain and certain upon its face, equity will not take jurisdiction to declare its meaning, in the absence of fraud, accident, or mistake. Shannon v. Long, supra; Smith v. Roney, supra.

THOMAS, J. The suit was originally brought on the equity docket, seeking inter-

pretation of the right of way deed to the Southern Railway Company.

[1] It was held on ruling on demurrer that complainant had an adequate remedy at law; demurrer was sustained to the amended bill, and the cause was thereafter transferred to the law side of the court, as was provided by law. Stover v. Hill, 208 Ala. 575, 94 South. 826, 828; Gen. Acts, 1915, p. 830. The fact that there was a decree upon demurrer— that complainant has an adequate remedy at law—before the transfer was ordered, did not prevent an application of the statute.

The parties shaped their respective pleadings to that of a statutory action of ejectment and the defense thereof, and on the trial the general affirmative charge was requested and given for the defendant.

[2] A recovery may be had of a railway right of way by statutory ejectment. Patterson v. A. C. L. R. Co., 202 Ala. 583, 81 South. 85; Seaboard Air Line Ry. v. Banks, 207 Ala. 194, 92 South. 117; Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 South. 284; Sadler v. A. G. S. R. Co., 204 Ala. 155, 85 South. 380; A. G. S. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839; T. & C. R. Co. v. East Ala. Ry. Co., 75 Ala. 516, 51 Am. Rep. 475.

[3] The original bill sets out the alleged common source of title; exhibits the deed from Gladden to the railway company, and the agreement between the Gladden Lumber Company and the railway company; alleges that it was the intention that the condition inserted in the deed "was other than the Gladden Lumber Company intended." An abandonment of the tracks is averred, and construction and cancellation of the deed sought, that the title to the right of way be decreed to reinvest in complainant as assignee of O. W. Gladden or his privies in estate. Patterson v. A. C. L. R. Co., 202 Ala. 583, 589, 81 South. 85. Complainant sought by amendment to supplement his bill as originally filed by an allegation of fraud that is insufficient on its face, since it is charged simply that after the execution of the deed "respondent fraudulently held the right of way," etc. The prayer of the bill as amended was for interpretation of the deed of conveyance from Gladden to the Southern Railway Company, that the railway company be enjoined from interfering, hindering, obstructing, and depriving complainant of the use and control of the right of way, or spur track, from molestation in its use and from trespassing upon said right of way, and that the railway company be required to remove its rails, fixtures, and materials in said track from said right of way as a nuisance.

[4, 5] Since no mistake or fraud is alleged in the execution of the deed by O. W. Gladden to the railway company, a court of equity cannot give the deed a meaning contrary to its plain provision, for the reason that the Gladden Lumber Company, a stranger to the title, may have thought that the deed contained different provisions, or may have intended to procure the parties thereto to embrace in the deed different provisions. Stacey v. Walter, 125 Ala. 291, 28 South. 89, 82 Am. St. Rep. 235. In the absence of proper averments of fraud, accident, or mistake in the procurement of the conveyance, it will be given effect, and not varied by the contemporaneous parol agreements; and the intention of the parties to the instrument, where clearly expressed, is of controlling efficacy. McMahon v. Williams, 79 Ala. 288; Davis v. M. & C. R. Co., 87 Ala. 633, 6 South. 140.

[6] The appellant relies upon S. A. L. Ry. Co. v. Anniston Mfg. Co., 186 Ala. 264, 65 South. 187. The complainant in that case was in possession of the right of way and entitled to come into equity to remove the cloud and quiet its title. Such was the case in Shannon v. Long, 180 Ala. 128, 60 South. 273. Under the averments of the instant bill, complainant was not in possession of the spur track. If the complainant had a complete and adequate remedy at law by ejectment, such complainant out of possession may not maintain a suit in equity for interpretation of the deed and to remove the cloud and quiet its title. The complainant is thus put to an action of ejectment to determine the sufficiency of its title, and the circuit court, in equity, did not err in sustaining demurrer to the bill as last amended and in transferring the cause to the law side of the docket.

In Patterson v. A. C. L. R. Co., 202 Ala. 583, 81 South. 85, is contained a full discussion of the authorities, and a consideration of the legal effect of a contract for maintaining a spur track. The suit was statutory ejectment.

[7] There was no error in refusing evidence offered by plaintiff that it had endeavored to secure other tenants on its lots through which the "spur track" passed. The evidence sought was not confined to a rental of the right of way in question, and was not definite as to time and defendant's connection with the effort to rent or lease the lots, including the spur track and service thereon. For like reason, the correspondence between Mr. Thomas and Wm. Smith & Co. was properly excluded, not being sufficient, or tending to show abandonment by defendant of the spur track under or within the terms of its deed thereto from O. W. Gladden.

[8] The question, "If the remainder of those two blocks, taking off this 14-foot strip from 1912 to 1919, didn't rent for anything at all, this 50-foot strip wouldn't have had any rental value either, would it?" was not the proper test of the rental value of the right of way and use of the spur track thereon.

[9] The general affirmative charge was

properly given at defendant's request in writing. The uncontradicted testimony shows that defendant railway company was in possession of the spur track; that it had not discontinued operation of the same, and had not taken up or removed its rails therefrom. The provisions of the deed are to the effect that in event the said industrial track shall be abandoned at any time hereafter by the railway company, and, in evidence thereof, it shall discontinue the operation of the same and take up and remove its rails, materials, and fixtures in said track, then the right of way hereby conveyed, and all rights incidental or pertinent thereto, shall revert to the parties of the first part, their heirs, successors, or assigns. The evidence shows that the foregoing condition as to provisions and evidence of abandonment did not exist to the time of and after the bringing of the suit, or at any time to the trial. The purpose of operation of the spur track contained or defined by the terms of the deed before us gave the railway company the right to use the same for railroad purposes so long as it was required for the operation of the track and its general business. M. J. & K. C. R. Co. v. Kamper, 88 Miss. 817, 41 South. 513.

In Western Union Telegraph Co. v. L. & N. R. Co., 202 Ala. 542, 81 South. 44, it is said of mere nonusers of the right of way or easement acquired by grant or condemnation proceeding, however long continued, that it will not, unless accompanied by an intention to abandon clearly deducible, work an abandonment and forfeiture of the right; and, upon the question under the facts stated in the bill on demurrer, the court will not pronounce its conclusion of abandonment as a matter of law. Under the ruling of this court, the affirmative charge should not have been given if there were adverse inferences that might be drawn as to abandonment, etc. McMillan v. Aiken, 205 Ala. 35, 88 South. 135. However, the evidence and reasonable inferences to be drawn therefrom in the instant case were such that the affirmative charge, with hypothesis, was properly given.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.