[No. 32337. Department One. April 16, 1953.]

O. A. ELIASON *et al.*, *Respondents*, v. R. O. WALKER, *Appellant.*[1]

[1]Reported in 256 P. (2d) 298.

*Samuel W. Fancher*, for appellant.

*Thomas F. Curran* and *Hennessey & Curran*, for respondents.

OLSON, J.—Plaintiffs brought this action to rescind a contract for the purchase and installation of a furnace and heating system in their home. They alleged fraud, and the breach of an express and an implied warranty by defendant. The trial court held that fraud was not proven, but entered findings of fact and judgment in plaintiffs' favor upon the alleged breach of warranties. Defendant has appealed.

Defendant is engaged in the business of installing furnaces and designing heating plants. When plaintiffs decided to build an addition to their house, to be used as a display room and workshop in their upholstery business, they consulted defendant to obtain a heating system adequate to heat both the house and the addition. Defendant

represented that he would design and supply such a system. The installation was made in accordance with defendant's design, and was practically completed early in October, 1951. In response to complaints by plaintiffs, defendant attempted to improve its operation. Finally, on December 26, 1951, plaintiffs determined that the plant would not heat their premises adequately and ceased using it. January 3, 1952, they notified defendant of their rescission of the contract. He refused to accept their offered return of the heating equipment or to repay the purchase price to them.

Of those facts found by the trial court, the pivotal one is that pertaining to the representation made by defendant. If his appeal is successful, he must sustain his challenge to this finding by showing that the evidence preponderates against it. This he attempts to do by contending that he did not represent that the plant would heat both the house and the addition in subzero weather. But this is not a sufficient answer because, if that qualification be added to his representation, the evidence is that the plant he installed was inadequate to heat the entire premises in mild weather. There was no subzero weather while the heating plant was in operation, except on the last night before the plaintiffs stopped using it, and at no time were their premises heated sufficiently. The temperature in the addition was seldom as high as fifty degrees Fahrenheit.

Defendant's further argument that he did not make the representation because the plant he installed was a "two-trunk system," which he designed to heat either the house or the addition alternately, but not both at the same time, is not convincing. He changed the burner in the furnace, and increased the speed of operation of the fan to circulate the air, in an unsuccessful effort to heat the whole building. The damper he installed in a warm air duct to the addition, to close this duct and divert heat to the house, was not within easy access and could not be changed without use of tools. At best, either the house or the addition was bound to be uncomfortably cold part or all of the time. This is not the result which defendant represented would occur.

Nor can the representation be denied by, or the inadequacy of the plant be charged to, plaintiffs' failure to erect a partition around the furnace to insulate it from the thermostat. The fact that it was so close to the furnace that it caused the burner to stop operating too soon, was not the result of any action by plaintiffs. The instrument was placed at a point selected by defendant. Also, during the time the furnace ran continually, or nearly so, the premises were not heated adequately.

■ The trial court properly found that the representation in issue was made, and that the other essential elements of an express warranty were established, namely, that plaintiffs were induced to purchase the heating plant by, and did purchase it relying upon, this promise. See uniform sales act, § 12, RCW 63.04.130 [cf. Rem. Rev. Stat., § 5836-12].

■ We also sustain the finding that there was an implied warranty of fitness for a particular purpose in this contract of sale. Plaintiffs told defendant the purpose for which they required the heating equipment, and they relied upon his skill and judgment to supply a plant suitable for that purpose. *Columbia Concrete Pipe Co. v. Knowles*, 36 Wn. (2d) 602, 614, 219 P. (2d) 557 (1950); uniform sales act, § 15 (1), RCW 63.04.160 (1) [cf. Rem. Rev. Stat., § 5836-15 (1)]. The express warranty of fitness is not inconsistent with the same warranty implied in this case, and does not negative it. Uniform sales act, § 15 (6), RCW 63.04.160 (6) [cf. Rem. Rev. Stat., § 5836-15 (6)].

■ The warranty of fitness and its breach being established, the plaintiffs could rescind the contract, offer to return the heating equipment to defendant, and recover the amounts paid on the purchase price. Uniform sales act, § 69 (1) (d), RCW 63.04.700 (1) (d) [cf. Rem. Rev. Stat., § 5836-69 (1) (d)].

■ Plaintiffs did not know of the breach of warranty when the heating plant was installed. When they complained to defendant, he stated that it could be adjusted to heat the building. After his repeated adjustments failed to accomplish · the required result, and plaintiffs learned

that the plant was inadequate, they decided to rescind the sale and notified defendant of that election within a reasonable time. They did not waive their right to rescind. Diligence in rescission is a relative question, and whether or not there has been an unreasonable delay in a given case depends upon the particular circumstances of that case. Use of the heating equipment for a temporary period was necessary in order for plaintiffs to determine its adequacy. See 2 Restatement, Contracts, 597, § 349, comment c. Delay in the decision to rescind, induced by the promise of the seller to make the equipment comply with the warranty, cannot result in a waiver of the right to rescind. See *Noel v. Garford Motor Truck Co.*, 111 Wash. 650, 654, 191 Pac. 828 (1920), and case cited.

Plaintiffs also offered to return the equipment to defendant. The court found it was then in substantially as good condition as it was when it was delivered to them, and this finding is not challenged. Plaintiffs met all of the statutory requirements for rescission. Uniform sales act, § 69 (3), RCW 63.04.700 (3) [*cf*. Rem. Rev. Stat., § 5836-69 (3)]. See 2 Restatement, Contracts, 595, § 349.

Defendant's other assignments of error, directed to the findings of fact, are without merit because they are not now material, in view of our conclusion upon the finding on the controlling fact first discussed, and, in any event, the evidence does not preponderate against them and we will not disturb them.

The judgment is supported by the findings and is proper. It orders that the contract be rescinded, and awards plaintiffs (1) the purchase price of the equipment, with certain interest at the legal rate, (2) the cost of repairing the walls and floors of their house where air ducts were placed by defendant, and (3) rental for storing the equipment until removed by defendant, and allows a credit to defendant for certain equipment, if left on the premises for the future use of plaintiffs.

Upon rescission of a contract, the parties shall be restored to the position they occupied before the contract

was made, as far as is practicable. See 2 Restatement, Contracts, 596, § 349, comment a; also see *Coovert v. Ingwersen*, 37 Wn. (2d) 797, 799, 226 P. (2d) 187 (1951), *C. H. Lowenthal Co. v. McCormack Brothers Co.*, 144 Wash. 229, 235, 257 Pac. 632 (1927), and cases cited.

The fact that a certain portion of the price of the heating plant was for labor expended by defendant in its installation, cannot reduce plaintiffs' recovery of the price they paid to defendant. Defendant knew of this cost to him when he undertook the installation, and included it in the price. Its loss was part of his risk, if he breached his warranty.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

