[No. 35461.    *En Banc.*    August 24, 1961.]

DARRELL R. LESTER et al., *Appellants*, v. SHELDON C. PERCY
et al., *Respondents.*\*

*Greenwood, Shiers & Presser*, by *Frank A. Shiers*, for
appellants.

*Arthur R. Paulsen*, for respondents.

OTT, J.—July 9, 1957, John Stenger, a salesman employed
by Percy's Parts and Equipment (which will be referred
to as though it were the sole defendant and respondent)
sold to Mrs. Gloria Lester (who will be referred to as
though she were the sole plaintiff and appellant) a Duplex
washer and dryer for use in her nursing home. When the
equipment failed to function as represented, she brought
this action for rescission of the contract. (Although the

\*Reported in 364 P. (2d) 423.

Duplex Corporation was named as a defendant, service on it was never obtained.)

The cause was tried to the court, and, at the close of plaintiff's case, the defendant moved for dismissal of plaintiff's complaint upon the ground that there had been a waiver of the right to rescind. The court granted the motion and entered findings of fact, conclusions of law, and judgment of dismissal. Mrs. Lester appeals.

Appellant asserts seven assignments of error, all of which relate to the single issue of whether the vendee had waived her right to rescind.

Appellant's evidence had established, *inter alia*, that, during the conversation leading to the sale, she informed Mr. Stenger of the nature and extent of the nursing home washing requirements, consisting of approximately eleven or twelve separate washings in a twenty-four hour period. Mr. Stenger assured her that the equipment was adequate for her extensive washing needs, in that it was "heavy-duty commercial type" equipment. The washing machine motor was guaranteed for five years, and other parts and service for one year. The dryer was similarly guaranteed for one year. She relied upon Mr. Stenger's representations and judgment, and purchased the equipment on contract. The washer was installed in July, 1957. The dryer was installed in October, 1957.

Mrs. Lester encountered mechanical difficulty with the equipment shortly after it was installed. The respondent replaced the washer in August, 1957. The dryer was also defective and was replaced in February, 1958. It was necessary for respondent to repair and service the newly installed equipment on numerous occasions. There was no charge to appellant for the calls, which were covered by respondent's warranty of service. Appellant did pay respondent $10.33 and $15.50 for service calls, and $4.65 to the Peninsula Propane Company for repairs to the dryer, which respondent contended were not within the service contract. She also paid the installments on the contract of purchase in full.

March 28, 1958, the washing machine motor burned out,

and appellant called the respondent for service. Mrs. Lester testified that:

"He [Mr. Percy] came up and we had a verbal argument. He said he had done all he could do, and he was going to wash his hands of me and the equipment, and he left, and he was very angry with me."

April 9, 1958, Mrs. Lester gave notice of her intention to rescind the contract because of the breach of various warranties, and thereafter commenced this action pursuant to RCW 63.04.700(1).

The respondent's motion to dismiss admitted the breach of the warranties and the truth of the evidence offered by the appellant. It was based upon the sole ground that the appellant had waived her right to rescind by her use of the equipment after notice of its defective condition, by paying the purchase price in full, and by the payment of certain repair expenses as noted above.

Respondent contends that the rule in this state is that one who seeks to rescind a contract upon the ground of breach of warranty must do so promptly upon discovery of the breach, otherwise the right to rescind is waived. We agree with respondent's statement of the general rule, but it is subject to certain exceptions, two of which are (1) the waiver must be voluntary and intentional, and (2) the right to rescind is not waived when the delay in claiming it is induced by the vendor.

This court has recognized these exceptions to the general rule in the following decisions:

In *Birkeland v. Corbett*, 51 Wn. (2d) 554, 565, 320 P. (2d) 635 (1958), we said:

"A 'waiver' is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. The person against whom a waiver is claimed must have intended to relinquish the right, advantage, or benefit, and his actions must be inconsistent with any other intention than to waive them. [Citing case.]"

In *Eliason v. Walker*, 42 Wn. (2d) 473, 477, 256 P. (2d) 298 (1953), we said:

" . . . Diligence in rescission is a relative question, and whether or not there has been an unreasonable delay in a given case depends upon the particular circumstances of that case. . . . Delay in the decision to rescind, induced by the promise of the seller to make the equipment comply with the warranty, cannot result in a waiver of the right to rescind."

The equipment which the appellant purchased carried two warranties: First, a warranty of fitness to meet appellant's requirements, and, second, a warranty to furnish necessary parts and service for a specified period of time. The difficulty experienced by the appellant immediately after the machines were installed would have supported an action for rescission, but to hold that she was required to rescind at that time would render the warranty on parts and service a nullity, and deny to the vendor an opportunity to repair and service the equipment to meet the requirements of the vendee. The appellant's failure to rescind immediately upon acquiring knowledge that the equipment was defective is justified by her election to afford the respondent an opportunity to service and repair the equipment to meet the standard of the warranty of fitness. Appellant's tolerant conduct in this regard does not warrant an inference that she relinquished the right to rescind, or that she intended to waive her right to do so.

Applying the general rule, together with the exceptions here applicable, appellant's conduct in paying the miscellaneous repair costs, under the circumstances here present, did not in and of itself establish an intentional or voluntary waiver of the right to rescind. On March 28, 1958, the vendor, for the first time, made known its intent to disavow its contractual obligations. Until that date, the vendor's conduct led the appellant to believe that the vendor would fully honor its contract; thus, the appellant was induced to postpone the exercise of her right to rescind. Appellant's notice of rescission on April 9, 1958, was timely under these circumstances.

The judgment is reversed, and the cause remanded with instructions to vacate the judgment of dismissal and pro-

ceed in conformity with the views herein expressed, applying equitable principles to the issues as they are now joined or may be joined.

Costs shall abide the final determination of the cause.

FINLEY, C. J., MALLERY, HILL, DONWORTH, WEAVER, ROSELLINI and FOSTER, JJ., concur.

FOSTER, J. (concurring)—While I have signed the court's opinion, there are additional reasons which to me are extremely persuasive for reversing the judgment. The dismissal of the action by the trial court affords additional proof of the truth of the comment of the great English scholar, Sir Frederick Maitland, that "The forms of action we have buried, but they still rule us from their graves."

The prayer of the complaint was for the rescission of a contract of sale and the recovery of the purchase price. The respondents admit the breach of a warranty of fitness. The first territorial legislature of 1854 abolished the distinction between law and equity and provided that there should be but one form of civil action.[1] Judgments must be founded upon facts and not upon formalistic pleading defects. *Builders Corp. of America v. United States*, 259 F. (2d) 766. This is emphasized by the modern rules of civil procedure.[2] Appellants' action should not fail because

---

[1]Fraser, One Form of Action: Pleading Alternative Facts, Theories and Remedies, 14 Okla. L. Rev. 125.

[2] ". . . Under the new practice, the expression 'cause of action' with all the theories connected therewith as developed under the former code, has been supplanted by the word 'claim.' We are no longer concerned with meeting technical requirements of theories of causes of actions. In construing the rules of civil procedure applicable to this cause we endeavor to ascertain the spirit and intent of the rules as reflected by the language employed. Prior to the adoption of the said rules it frequently happened that a litigant failed to secure the redress of a wrong for the reason that he misapprehended the theory of his technical 'cause of action,' and found himself out of court without any determination of the facts upon which he relied. We are fully convinced that the rules of civil procedure were intended to de-emphasize the theory of a 'cause of action,' and to place the emphasis upon the facts giving rise to the asserted claim. If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the facts, the substantive law

of the prayer for rescission rather than for breach of warranty for fitness. It is idle to speculate whether in those jurisdictions where law and equity are still separate this would be a suit in equity. Williston declares that, although the remedy of rescission was originally equitable, relief can now be obtained in an action at law. 3 Williston on Sales (Rev. ed.) 484, § 647. Even in those jurisdictions where law and equity are separately administered, if the plaintiff mistakenly seeks an equitable remedy and fails in some aspects of his proof, the action is simply transferred to the law side. *Birmingham Sawmill Co. v. Southern R. Co.*, 210 Ala. 126, 97 So. 78; *McGraw Co. v. Zonta Tire & Rubber Co.*, 194 Iowa 685, 190 N. W. 129; *Koontz v. Bay Circuit Judge*, 224 Mich. 463, 194 N. W. 1018.

This court has long recognized that cases are to be decided upon the merits, and that suits for what were originally equitable remedies will not be dismissed but that judgment will be granted according to the proofs. *Williams v. Snow*, 109 Wash. 329, 186 Pac. 861, decided that, in an equitable proceeding for partnership accounting in which the proofs failed to show the existence of a partnership, a money judgment for the plaintiff would, nevertheless, be affirmed. The court said:

"Appellant's main contention here is that the court erred in rendering judgment in effect for damages instead of dismissing the action when it was found that there was no partnership assets to be divided. While it appears that respondent knew before he brought the action that Smithson claimed some interest in the sheep referred to, yet it is not claimed nor intimated that he acted in bad faith in framing his complaint upon the theory which he did, and there is nothing to warrant us in so finding. Assuming, then, that the theory of the complaint was adopted in good faith, did the court err? We think not. In *Browder v.*

provided relief upon any 'theory,' the cause should proceed to judgment. This construction seems to be in harmony with the views expressed by members of the rules Revision Committee of the Colorado Bar Association concerning the purposes and intent of the rules of civil procedure, as will appear from the statement thereof in Appendix D, vol. 1, '35 C. S. A., Rules of Civil Procedure." *Bridges v. Ingram*, 122 Colo. 501, 506, 223 P. (2d) 1051.

*Phinney*, 30 Wash. 74, 70 Pac. 264, it was held by this court that the superior court is a court of general jurisdiction, with power to hear and determine both legal and equitable issues, and that when the court is advised as to the facts in a case of which it has jurisdiction, it should apply the proper remedy, be it legal or equitable, since a party is not to be turned out of court if entitled to any relief under the pleaded facts. This rule has been followed in many cases, among which are: *Brown v. Baldwin*, 46 Wash. 106, 89 Pac. 483; *Maitland v. Purdy*, 49 Wash. 575, 96 Pac. 154; *Pacific Iron & Steel Works v. Goerig*, 55 Wash. 149, 104 Pac. 151; *Dolan v. Cain*, 59 Wash. 259, 109 Pac. 1009; *Hewett v. Dole*, 69 Wash. 163, 124 Pac. 374; *Coliseum Investment Co. v. King County*, 72 Wash. 687, 131 Pac. 245, and *Salt v. Anderson*, 107 Wash. 149, 180 Pac. 873."

Contrast this with the formalistic decision of the New York Court of Appeals in *Jackson v. Strong*, 222 N. Y. 149, 118 N. E. 512. There the complaint pleaded a suit of equitable cognizance but the plaintiff's proofs failed in one particular. A money judgment for the plaintiff was reversed.

Fortunately, the law in Washington is much more enlightened. This court has never entertained the hostility of the New York courts to the fusion of law and equity. Judgments must rest upon the merits of the controversy and not upon the technicalities of pleading. The court correctly affords the appellants an opportunity to complete their proofs to support a judgment to recover their damage for breach of the warranty of fitness.

HUNTER, J. (dissenting)—I disagree with the holding of the majority that rescission was timely made. The washer and the one replaced were continuously used for washing sheets in the appellants' nursing home for approximately nine months, and the dryer and the one replaced were used there for about six months. The record discloses the use of the equipment was to the extent of ten to twelve washings a day of at least seven sheets per washing, for the above periods, during which time the appellants knew the equipment was not as represented.

The rule stated by the majority in *Eliason v. Walker*, 42 Wn. (2d) 473, 477, 256 P. (2d) 298 (1953) is that " . . .

Diligence in rescission is a relative question, and whether or not there has been an unreasonable delay in a given case depends upon the particular circumstances of that case. . . ."

In *Elwood Edwards, Inc. v. Kinsey*, 123 Colo. 52, 225 P. (2d) 59 (1950), similar on the facts and the relief sought to the instant case, the Colorado court held the buyer was not diligent in electing to rescind the contract where he repeatedly returned an automobile for repairs for a period beyond what would be a reasonable time to rescind. The decision was based upon the reasoning that

" . . . it would be glaringly inequitable to require defendant to pay for the use and benefit plaintiff had received, and would be contrary to all rules governing the remedies of a buyer in an action for rescission of a sales contract. It is clear that plaintiff did not adhere to the long-established rule, that in order to rescind the contract for any breach of warranty, he should have acted promptly by refusing to keep the automobile instead of electing to retain the car and enjoying its beneficial use."

This reasoning is persuasive and should be adopted by this court.

The circumstances of the instant case, in my opinion, support the finding of the trial court that the rescission was waived by reason of the long and extensive use of this equipment. It is inherent in the relief afforded by rescission, that circumstances must be such to permit the parties being placed within at least reasonable reach of status quo, RCW 63.04.700(3), unless it be due to the fault of the seller. This is, of course, the basic reason that diligence must be exercised by the person seeking rescission; otherwise a restoration to status quo will be denied the party against whom the rescission is sought. Where the status quo is so unapproachable by reason of the delay of the person seeking rescission, as in the instant case, the person seeking rescission stands in a position to gain an unconscionable advantage, for which no compensation by that person has been paid, to the total loss of the other.

The appellants should not be permitted in a court of

equity to have free use of this equipment to their substantial benefit. Under the majority holding, they will have obtained a benefit incident to their relief requested which a court of equity should not countenance. The relief of the appellants, under the circumstances of the present case, should be on the theory of damages for breach of warranty as afforded by RCW 63.04.700.

I am in agreement with the rule cited by the majority in *Eliason v. Walker, supra,* that a buyer who continues in possession and uses the property may still elect to rescind the contract for a breach of warranty when the delay was induced by the promise of the seller to make the equipment comply with the warranty. However, under these conditions, delay in rescinding may not be extended beyond a reasonable time. When the use has been as extensive as in the instant case and where, as here, the equipment cannot be returned to the seller in substantially as good condition as it was when delivered to the purchaser, a reasonable time for rescinding the contract has elapsed.

The judgment should be affirmed and the cause remanded for modification of the judgment for dismissal without prejudice to the appellants to pursue their proper remedy.