[No. 50-40349-1. Division One. October 3, 1969.]
Panel 1

CHARLES V. PEDRINI et al., *Respondents*, v. MID-CITY TRAILER DEPOT, INC., *Appellant*.

*Rutherford, Kargianis & Austin* and *Don M. Gulliford,* for appellant.

*Beckman, Kuvara & Gooding* and *Robert Kuvara,* for respondents.

JAMES, C. J.—Plaintiffs Pedrinis purchased a new mobile home from defendant Mid-City Trailer Depot, Inc. on February 16, 1961. They paid the total purchase price, in excess of $5,000, by way of cash, the trade-in of the older mobile home in which they lived, and a promissory note for $138.05. By this action the Pedrinis seek to rescind the sale. The trial was without a jury. Rescission was granted. Mid-City appeals.

Mid-City delivered the mobile home to the Pedrinis' residence address in a mobile home park. Shortly after delivery, Pedrinis noticed a number of defects. In his oral opinion, the trial judge found the essential facts to be these: the roof leaked badly and was beyond repair; the side was caved in; the stove was stripped of parts; a bedspread was missing; the mattress was wet; the bumper was dented and chipped; and the doors, one of which was partly caved in, did not close properly. The trial judge characterized these findings as substantial defects rendering the mobile home unsuitable for its intended use.

The judge further found that the Pedrinis promptly notified Mid-City of their discovery of the defects and asked for a refund of the consideration given or for a new undamaged mobile home. Mid-City refused this request but assured the Pedrinis that the mobile home would be repaired to their satisfaction or that Mid-City would take the home back—but at its dealer cost—if the Pedrinis insisted upon

rescission. This offer the Pedrinis declined, but they agreed to permit Mid-City to undertake repairs.

The trial judge found that Mid-City's attempts at repair were half-hearted and unsatisfactory; that Mid-City stalled and deliberately avoided the Pedrinis. The Pedrinis continued to occupy the mobile home and attempted to cope with the problems created by the leaking roof and windows. They covered the roof with a plastic sheet but could not keep the home free of water. The Pedrinis persistently tried to reach Mid-City to obtain satisfaction.

In September, some 7 months after the sale, the Pedrinis employed counsel. This action was commenced in November. The trial judge concluded that the Pedrinis were entitled to rescind the sale as of the date of purchase. He awarded the Pedrinis judgment for the full purchase price, together with interest to the date of trial. The trial judge concluded that under the circumstances of the case, the Pedrinis' occupancy of the mobile home did not constitute a waiver of their right to rescind and that they became bailees of the home upon Mid-City's refusal to take it back.

In this appeal, Mid-City is represented by counsel substituted after trial.

Mid-City's assignments of error present four questions.

■ One. Does the evidence support the trial judge's findings that the defects in the mobile home were substantial and that the roof was unrepairable? The findings are supported by ample evidence and will not be disturbed. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *John R. Hansen, Inc. v. Pacific Int'l Corp.*, 76 Wn.2d 220, 455 P.2d 946 (1969).

■ Two. Did the Pedrinis waive their right to rescind by continuing to occupy the mobile home? One who seeks to rescind a sale must act promptly, but this requirement of promptness is tempered with reasonable exceptions. The rule in Washington is stated in *Lester v. Percy*, 58 Wn.2d 501, 503, 364 P.2d 423, 424 (1961).

Respondent contends that the rule in this state is that one who seeks to rescind a contract upon the ground of breach of warranty must do so promptly upon discovery of the breach, otherwise the right to rescind is waived. We agree with respondent's statement of the general rule, but it is subject to certain exceptions, two of which are (1) the waiver must be voluntary and intentional, and (2) the right to rescind is not waived when the delay in claiming it is induced by the vendor.

This court has recognized these exceptions to the general rule in the following decisions:

In *Birkeland v. Corbett*, 51 Wn. (2d) 554, 565, 320 P. (2d) 635 (1958), we said:

"A 'waiver' is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. The person against whom a waiver is claimed must have intended to relinquish the right, advantage, or benefit, and his actions must be inconsistent with any other intention than to waive them. [Citing case.]"

The record amply supports the finding that the Pedrinis immediately demanded rescission but were induced to delay commencing an action for rescission by Mid-City's actions. "Diligence in rescission is a relative question, and whether or not there has been an unreasonable delay in a given case depends upon the particular circumstances of that case." *Eliason v. Walker*, 42 Wn.2d 473, 477, 256 P.2d 298, 300 (1953).

Three. Should the relief granted have been a judgment for damages rather than a decree of rescission? At the trial, neither the parties nor the trial judge treated the case as one controlled by the provisions of the Uniform Sales Act, Laws of 1925, Ex. Ses., ch. 142, p. 355. Nevertheless, both under that act (now superseded by the Uniform Commercial Code, RCW 62A) and under the common law, as preserved in part by the act (Uniform Sales Act, Laws of 1925, Ex. Ses., ch. 142 § 73, p. 387), the judge's findings of fact support the decree of rescission. Necessarily, the choice between a decree of rescission or an award of damages is

one of judicial discretion. The guiding principle is discussed in *Capital Sav. & Loan Ass'n v. Convey*, 175 Wash. 224, 227, 27 P.2d 136, 138 (1933).

> This brings us to the question as to whether respondent is entitled to rescission on the ground of partial failure of consideration. Are there any "special circumstances" by reason of which he should "be compelled to take an indemnity?" It must be conceded that rescission usually lies where the partial failure of consideration is substantial. But it will not be granted in all cases. Where the partial failure of consideration is slight in comparison with the whole consideration and the subject matter of the contract, where damages are easily ascertainable and the vendee can be thereby fully compensated, and where a rescission would be grossly inequitable to the vendor, the purchaser will not be permitted to rescind, but will be allowed a proportionate abatement from the purchase price.

The trial judge's findings of fact support his conclusion that the appropriate disposition in this case is rescission.

Four. If rescission is the proper remedy, should the trial judge have allowed an offset representing the fair rental value of the mobile home for the period of its occupancy by the Pedrinis to the date of trial? A mobile home is unique in that, though personal property initially, it can become real property by attachment to the land. See RCW 82.50.180(5). But even if it remains personalty, as in this case, it nevertheless affords its occupants most, if not all, of the amenities of a "real property" home. *J. I. Case Credit Corp. v. Stark*, 64 Wn.2d 470, 392 P.2d 215 (1964) is authority for the principle that one who is entitled to rescind, but who has had beneficial use of the property, must restore the other party to as near his former position as possible. The trial judge in this case gave no reason for his conclusion that the Pedrinis' retention and use of the mobile home was a bailment and that no allowance should be made for rent. Here the bailment was not an unmitigated burden. Though far from ideal, the mobile home had an ascertainable reasonable rental value.

The trial judge's decree of rescission is affirmed, but the case is remanded with directions to allow Mid-City a setoff to reflect the amount determined by the trial judge to be the reasonable rental value of the mobile home for the period that it was occupied by the Pedrinis. In view of this disposition of the case, neither party should recover costs on this appeal.

FARRIS and SWANSON, JJ., concur.