[No. 298-3.    Division Three.    December 8, 1971.]

ALFRED DeCORIA, *Respondent*, v. RED'S TRAILER MART, INC., *Appellant.*

*Stanley D. Taylor* (of *Peterson, Taylor & Day*), for appellant.

*Gary N. Jardine*, for respondent.

EVANS, J.—This is an appeal by defendant Red's Trailer Mart, Inc. from judgment rescinding a contract between the parties covering the purchase of a mobile home. The judgment required defendant to repay that portion of the purchase price previously paid by plaintiff, ordered defendant to pay the balance of the note plaintiff owed to the Old National Bank, and directed defendant to retake possession of the mobile home.

On December 11, 1968 plaintiff purchased from defendant a 1969 Fleetwood mobile home for use of his married daughter. Prior to signing the contract plaintiff's wife and daughter inspected a 1969 Fleetwood mobile home exhibited at defendant's place of business. Defendant's salesman told them the mobile home which would be delivered to them would be a duplicate of the mobile home they inspected, in terms of make, model and quality. Some time after the parties entered into the written contract defendant delivered and installed the mobile home on plaintiff's lot. From the very outset the installation was defective. The trailer was not level, several electrical outlets did not work, the doors did not fit properly, the ceiling sagged, the roof leaked, there was a crack in the ceiling, and the dishwasher was not installed, despite repeated demands by plaintiff. The court found the above defects constituted a substantial breach of the contract and granted rescission.

Defendant first assigns error to findings of fact 2, 3, 4, 5 and 9, contending they are not based upon substantial

evidence. We find no merit to this contention. There is ample evidence to support the findings. As stated by the Supreme Court in *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 959, 350 P.2d 1003, 1004, 353 P.2d 671 (1960):

> Factual disputes are to be resolved by the trial court. The Washington constitution, by Art. IV, § 6, vests that power exclusively in the trial court. The power of this court is appellate only, which does not include a retrial here but is limited to ascertaining whether the findings are supported by substantial evidence or not. If we were so disposed, but we are not, we are not authorized to substitute our judgment for that of the trial court.

Defendant next contends that rescission was not the proper remedy because the buyer made no demand on the seller to retake the goods, nor did he offer to return the mobile home until bringing this action in March of 1970. We cannot agree.

The instant case is similar to *Pedrini v. Mid-City Trailer Depot, Inc.*, 1 Wn. App. 56, 459 P.2d 76 (1969) in that at the trial court level neither the parties nor the trial judge treated the case as one controlled by the Uniform Commercial Code (RCW 62A). Nevertheless, as noted in *Pedrini*, both under that act and under the common law as preserved in part by the act (RCW 62A.1-103 and 62A.1-106) the judge's findings of fact support the decree of rescission.

At common law, when a plaintiff sought rescission and restitution the courts refused the remedy unless plaintiff had previously tendered the goods to the defendant. The reason for the rule was that the common law courts were without power to compel the plaintiff to reconvey the goods so as to place the parties in as good a position as they were previously. When one sought rescission in equity, however, he was not barred merely because he had not tendered the goods, because the chancellor had the power to condition his decree upon reconveyance of the property from plaintiff to defendant. *See* 5 Corbin, Contracts § 1116, at 625-29 (1964). With the merger of law and equity in this state, superior courts have the power to make their decrees

conditional. As the Supreme Court said in *Gooden v. Hunter,* 56 Wn.2d 617, 620, 355 P.2d 20 (1960):

> [T]he restoration or tender of restoration of benefits is not a condition precedent to the commencement or maintenance of an action for rescission and restitution, but that it is enough that the plaintiff show a willingness to do equity.

In *Bariel v. Tuinstra,* 45 Wn.2d 513, 276 P.2d 569 (1954) the Supreme Court held that when one brings an action seeking rescission he is in effect making an offer to restore because the court has the power to order plaintiff to tender the goods.

In the instant case when plaintiff, in April of 1970, filed and served his complaint seeking rescission, the trial court was empowered to see that substantial justice was effected by making the decree conditional if need be. Thus, rescission was proper.

■ Defendant also contends that rescission was waived by plaintiff's delay in bringing this action. However, the record shows that defendant's own actions materially contributed to the delay. It is basic law that an action for rescission must be brought within a reasonable time but, as stated by the Supreme Court in *Eliason v. Walker,* 42 Wn.2d 473, 477, 256 P.2d 298, 300 (1953):

> Diligence in rescission is a relative question, and whether or not there has been an unreasonable delay in a given case depends upon the particular circumstances of that case.

*See, also, Pedrini v. Mid-City Trailer Depot, Inc., supra.*

The record discloses plaintiff's daughter made over 40 telephone calls to defendant, urging him to cure the defects in the mobile home. In September, 1969 defendant sent a repairman to appease her and quelch her complaints. However, as the trial court found, the defects remained. Plaintiff exercised considerable self-restraint and patience but continued to voice complaint without demanding defendant retake the defective mobile home until March, 1970, when

the formal complaint was served on defendant. Under these circumstances we find the delay reasonable.

■ Defendant next contends the trial court erred in allowing rescission because plaintiff failed to submit evidence as to his monetary loss. However, when one seeks the remedy of rescission, evidence as to the amount of monetary loss is not necessary. The remedy sought is merely to place the parties in as good a position as they were before the transaction. *See Russell v. Stephens*, 191 Wash. 314, 71 P.2d 30 (1937), *Bariel v. Tuinstra, supra.* Plaintiff by his complaint sought rescission; monetary damage was not an issue and there was no need for evidence relating thereto.

■■ Finally, defendant contends the trial court erred in granting rescission in that it failed to heed the following disclaimer: "It is mutually agreed there are no warranties, either express or implied made by the dealer on the trailer, mobile home, or the parts furnished hereunder." The trial court's findings of fact did not mention the specific disclaimer of warranty. Where the findings of fact are silent upon a material point it is deemed to be found against the one having the burden of proof. *Ingle v. Ingle*, 183 Wash. 234, 48 P.2d 576 (1935); *McCutcheon v. Brownfield*, 2 Wn. App. 348, 467 P.2d 868 (1970); *Puget Sound Marina, Inc. v. Jorgensen*, 3 Wn. App. 476, 475 P.2d 919 (1970). A disclaimer of warranty is an affirmative defense and the burden rests with the defendant to establish it. Disclaimers of warranties are disfavored in the law and are ineffectual unless explicitly negotiated between buyer and seller and set forth with particularity showing the particular qualities and characteristics of fitness which are being waived. *Berg v. Stromme*, 79 Wn.2d 184, 196, 484 P.2d 380 (1971). Since neither the record nor the findings show that the disclaimer involved was explicitly negotiated, it is ineffective.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied January 31, 1972.